966 F.2d 470
 22 Fed.R.Serv.3d 932
 BECKMAN INDUSTRIES, INC.; Smithkline Beckman, Plaintiffs-Appellees,
and
Stauffer Chemical Company, Intervenors-Appellees,
v.
INTERNATIONAL INSURANCE COMPANY, Defendant-Appellant.
BECKMAN INDUSTRIES, INC.; Smithkline Beckman, Plaintiffs-Appellees,
and
Monsanto Company; Reichhold Limited; FMC Corporation;
Bridgestone/Firestone, Intervenors-Appellees,
v.
INTERNATIONAL INSURANCE COMPANY, Defendant-Appellant.
 Nos. 90-55859, 90-55871.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Feb. 4, 1992*.
Decided June 4, 1992.
 
 Kathryn Doi, Orrick, Herrington & Sutcliffe, Los Angeles, Cal., for defendant-appellant.
 Andrew Lundberg, Latham & Watkins, Los Angeles, Cal., for plaintiffs-appellees.
 Jeffrey B. Maletta, Kirkpatrick & Lockhart, Washington, D.C., for intervenor Stauffer Chemical Co.
 Karen L. Bush, Anderson, Kill, Olick & Oshinsky, Washington, D.C., and David W. Steuber, Hill Wynne Troop & Meisinger, Los Angeles, Cal., for intervenors Monsanto Co., Reichhold Limited, FMC Corp. and Bridgestone-Firestone, Inc.
 Appeal from the United States District Court for the Central District of California.
 Before: WALLACE, Chief Judge, BROWNING and FERGUSON, Circuit Judges.
 FERGUSON, Circuit Judge:
 
 
 1
 International Insurance Company ("International") appeals orders of the district court granting motions of the intervenors to (1) intervene under Fed.R.Civ.P. 24(b) and (2) modify a protective order to permit the intervenors access to six deposition transcripts taken in an earlier action. International contends that the intervenors failed both to satisfy the requirements for intervention and to justify modification of the protective order. We affirm.
 
 
 2
 The main action between Beckman Industries (Beckman), plaintiff, and International, defendant, was settled and dismissed in 1988. At issue was whether environmental impairment liability (EIL) insurance policies issued by International to Beckman provided coverage for certain environmental liabilities. Discovery included the depositions of six International employees involved in the development and administration of the EIL policies sold to policy holders around the country. As part of the Beckman action the district court, pursuant to a stipulation, issued a blanket protective order in 1986 keeping all discovery confidential.
 
 
 3
 Stauffer Chemical Company, Monsanto Company, Reichhold Limited, FMC Corporation and Bridgestone/Firestone, Inc. ("intervenors") are currently involved in litigation in state courts in which the scope of coverage of International's EIL policies is at issue. Stauffer and International are parties in two consolidated cases pending in Los Angeles County Superior Court. In April 1990 Stauffer filed a motion to intervene in the Beckman action for the purpose of moving to modify the protective order to gain access to the six deposition transcripts. The other intervenors filed a joint motion based on the same grounds and seeking the same relief as Stauffer. Beckman did not object to the modification, and the intervenors agreed to use the six deposition transcripts in accordance with protective orders in the pending state actions.
 
 
 4
 Intervenors claimed the six transcripts (1) will provide relevant information regarding the drafting, interpretation, underwriting and administration of the standard EIL insurance policies; (2) may contain admissions against interest as to policy interpretation; and (3) may contain inconsistent statements. The district court granted the intervenors' motions. International appeals.
 
 I.
 
 5
 The underlying order is appealable either as a final order under 28 U.S.C. § 1291 or as a collateral order. United Nuclear Corp. v. Cranford Insurance Co., 905 F.2d 1424, 1426 (10th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 799, 112 L.Ed.2d 860 (1991). See also Wilk v. American Medical Ass'n, 635 F.2d 1295, 1298 (7th Cir.1980) (appeal from modification of protective order proper under collateral order doctrine); Martindell v. International Tel. & Tel. Corp., 594 F.2d 291, 293-94 (2nd Cir.1979) (appeal from orders granting intervenor status and modification of protective order proper under 28 U.S.C. § 1291 because no other matter pending before the court).
 
 II.
 
 6
 Intervenors propose that the proper standard of review is abuse of discretion, while International urges de novo review.
 
 
 7
 We review a decision whether to grant permissive intervention under an abuse of discretion standard. Venegas v. Skaggs, 867 F.2d 527, 529 (9th Cir.1989), aff'd, 495 U.S. 82, 110 S.Ct. 1679, 109 L.Ed.2d 74 (1990). However, the initial questions before us are legal ones, concerning the coverage and interpretation of the Federal Rules of Civil Procedure. Review is therefore de novo as to whether Rule 24(b) permits intervention for the purpose of seeking a modification of a protective order after the conclusion of the underlying action. See United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc) (issues of law subject to de novo review), cert. denied, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).
 
 
 8
 The court reviews the grant of a protective order for abuse of discretion, Roat v. C.I.R., 847 F.2d 1379, 1382 (9th Cir.1988), as well as a request to modify a protective order. United Nuclear Corp. v. Cranford Insurance Co., 905 F.2d 1424, 1427 (10th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 799, 112 L.Ed.2d 860 (1991); Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 790 (1st Cir.1988), cert. denied, 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989).
 
 III.
 
 9
 Fed.R.Civ.P. 24(b)(2) allows intervention in an action "when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed.R.Civ.P. 24(b)(2).
 
 
 10
 International argues that Rule 24(b) only permits intervention for the purpose of litigating a claim on the merits in a pending action, in order to dispose of related controversies together. International is correct that the primary focus of Rule 24(b) is intervention for the purpose of litigating a claim on the merits. Nevertheless, there is ample support for intervenor's argument that courts also recognize Rule 24(b) intervention as a proper method to modify a protective order. See Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 783-784 (1st Cir.1988) (Rule 24 is correct course for third parties to challenge protective orders), cert. denied, 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989); Meyer Goldberg, Inc. of Lorain v. Fisher Foods, 823 F.2d 159, 162 (6th Cir.1987) (recognizing 24(b) intervention as proper method for nonparty to seek protected materials); Martindell v. International Tel. & Tel. Corp., 594 F.2d 291, 294 (2nd Cir.1979) (intervention under Rule 24(b) proper method for third party challenges to protective order); In re Beef Industry Antitrust Litigation, 589 F.2d 786, 789 (5th Cir.1979) (same).
 
 
 11
 The Tenth Circuit recently adopted this view in a case directly on point involving the same defendant, International. United Nuclear Corp. v. Cranford Insurance Co., 905 F.2d 1424, 1427 (10th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 799, 112 L.Ed.2d 860 (1991). There, the intervenors, litigants in state and federal courts, sought determinations of the scope of coverage of policies issued by International. International had also been a defendant in an earlier action brought by United Nuclear Corporation in which a protective order had been issued. As in this case, the intervenors sought modification of the protective order in the earlier action to get access to depositions. The Tenth Circuit found intervention proper under Rule 24(b). It found that the request was timely, there was no prejudice to the existing parties, and the interpretation of the EIL policy was a sufficient common issue between the underlying suit and the intervenors' suits. United Nuclear, 905 F.2d at 1427.
 
 
 12
 Thus, contrary to International's contention, there is wide approval of Rule 24(b) intervention as a method for seeking to modify a protective order. We join these circuits in recognizing that Rule 24(b) permits limited intervention for the purpose of challenging a protective order. We next address whether the requirements of Rule 24(b) intervention for the purpose of litigating a claim on the merits are applicable to the limited type of intervention at issue here.
 
 IV.
 
 13
 Permissive intervention to litigate a claim on the merits under Rule 24(b) requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action. Garza v. County of Los Angeles, 918 F.2d 763, 777 (9th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 681, 112 L.Ed.2d 673 (1991). Fed.R.Civ.P. 24(c) requires that a person seeking to intervene under Rule 24 file a motion "accompanied by a pleading setting forth the claim or defense for which intervention is sought." Fed.R.Civ.P. 24(c). International claims that all these requirements are applicable where, as here, limited intervention is sought, and that the intervenors failed to satisfy them.
 
 
 14
 Permissive intervention ordinarily requires independent jurisdictional grounds. 7C Charles A. Wright, Arthur R. Miller, Mary K. Kane, Federal Practice and Procedure § 1917 at 466 (2nd ed. 1986); see also Blake v. Pallan, 554 F.2d 947, 955-56 (9th Cir.1977). Here, however, an independent jurisdictional basis is not required because intervenors do not seek to litigate a claim on the merits. The district court retained the power to modify the protective order. United Nuclear Corp., 905 F.2d at 1427 (court retains power to modify protective order even if underlying suit dismissed); Public Citizen, 858 F.2d at 782-83 (analogizing to power to modify an injunction, court ruled that district court retained power to modify protective order after judgment); In re "Agent Orange" Product Liability Litigation, 821 F.2d 139, 145 (2nd Cir.1987) (district court has undisputed power to modify or lift protective orders it has entered), cert. denied, 484 U.S. 953, 108 S.Ct. 344, 98 L.Ed.2d 370 (1987). See also 8 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2043 at 163 (Supp.1991). Intervenors do not ask the district to rule on additional claims or seek to become parties to the action. They ask the court only to exercise that power which it already has, i.e., the power to modify the protective order. For that reason, no independent jurisdictional basis is needed.
 
 
 15
 International asserts that the words "claim or defense" in Rule 24(b) refer only to the type of valid claim or defense that can be basis for intervention in an actual or impending lawsuit. This, it argues, is confirmed by the requirement in Rule 24(c)[1] that a person desiring to intervene must serve a motion accompanied by a pleading. See Diamond v. Charles, 476 U.S. 54, 76-77, 106 S.Ct. 1697, 1711, 90 L.Ed.2d 48 (1986) (O'Connor, J., concurring). International argues that intervenors failed to identify such a claim or defense with sufficient specificity. The district court found that the importance of access to documents prepared for similar litigation involving the same parties satisfied the commonality requirement of 24(b).
 
 
 16
 We agree. The issue of interpretation of the policy supplies a sufficiently strong nexus between the district court action and the state actions to satisfy the commonality requirement. Further specificity, e.g., that the claim involve the same clause of the policy, or the same legal theory, is not required when intervenors are not becoming parties to the litigation. There is no reason to require such a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective order. United Nuclear Corp., 905 F.2d at 1427; Meyer Goldberg, Inc., 823 F.2d at 164.
 
 
 17
 International further asserts that the intervenors must submit a pleading to the court describing the common issue pursuant to Fed.R.Civ.P. 24(c). International charges that intervenors' failure to submit such a pleading is fatal to their claim. It argues that the submission of a pleading is not a mere formality, but gives the court an informed basis on which to decide the motion.
 
 
 18
 Courts, including this one, have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion. In Shores v. Hendy Realization, 133 F.2d 738, 742 (9th Cir.1943), we construed an earlier version of Rule 24 and found that although the literal terms of Rule 24 were not met, the petition fully stated the legal and factual grounds for intervention. We therefore rejected the type of technical objection International makes here.
 
 
 19
 Our decision in Smith v. Pangilinan, 651 F.2d 1320, 1325-26 (9th Cir.1981), was similar. The intervenor had sought permission to intervene under both Fed.R.Civ.P. 24(a) and (b). The latter was referenced only in one sentence in the intervenor's motion requesting intervention of right pursuant to Rule 24(a)[2], but the court held that this one sentence was sufficient to satisfy the requirements of 24(c).[3] Id. at 1326. See also Shevlin v. Schewe, 809 F.2d 447, 450 (7th Cir.1987) (applying strict interpretation of Rule 24(c) to the case at hand, but recognizing that it would not do so in all circumstances); Spring Construction Co., Inc. v. Harris, 614 F.2d 374, 377 (4th Cir.1980) (proper approach is to disregard non-prejudicial technical defects); Beef Industry Antitrust Litigation, 589 F.2d 786, 788-89 (5th Cir.1979) (discussing Fifth Circuit's lenience regarding compliance with 24(c)). There is contrary authority, but in cases in which a strict attitude is taken towards procedural compliance, the court has also indicated a substantive reason why intervention should not be permitted. 7C Charles A. Wright, Arthur R. Miller, Mary K. Kane, Federal Practice and Procedure § 1914 at 415 (2d Ed.1986).
 
 
 20
 Further support for our approach is found in Public Citizen v. Liggett Group, Inc., 858 F.2d at 783-84. In that case, the First Circuit discussed the mandatory language in Rule 24(c) and declined "to create a special category of non-Rule 24 intervention for third parties who wish to challenge protective orders through informal motion," but nevertheless recognized intervenor status where the third party had requested intervention under Rule 24(b) and the district court had implicitly granted the request. Thus, where, as here, the movant describes the basis for intervention with sufficient specificity to allow the district court to rule, its failure to submit a pleading is not grounds for reversal.
 
 V.
 
 21
 International contends that even if intervention is permitted, intervenors failed to justify the order permitting modification of the protective order.[4] The district court based its ruling in favor of intervention and modification on the grounds of the importance of access to the documents, a lack of prejudice to International and the absence of extraordinary circumstances militating against intervention and modification.
 
 
 22
 International, citing Second Circuit case law, argues that intervenors should show "extraordinary circumstances" or "compelling need" before modification of the protection order is warranted. See In re "Agent Orange" Product Liability Litig., 821 F.2d 139, 147 (2nd Cir.), cert. denied, 484 U.S. 953, 108 S.Ct. 344, 98 L.Ed.2d 370 (1987). But see United Nuclear, 905 F.2d at 1428 n. 1 (describing limits to extraordinary circumstances test); Westchester Radiological v. Blue Cross/Blue Shield, 138 F.R.D. 33, 36 (S.D.N.Y.1991) (questioning whether extraordinary circumstances standard is still valid). Intervenors urge the court to retain the approach of Rule 26(c) for modification as well, i.e., the party opposing modification should have the burden of showing "good cause" for continued protection.
 
 
 23
 The "extraordinary circumstances" test is incompatible with our circuit's law. Ninth Circuit precedent strongly favors disclosure to meet the needs of parties in pending litigation. In Olympic Refining Company v. Carter, 332 F.2d 260, 264-65 (9th Cir.), cert. denied, 379 U.S. 900, 85 S.Ct. 186, 13 L.Ed.2d 175 (1964), an anti-trust action, the district court had declined to modify protective orders, citing the defendants' reliance on them in providing disclosure beyond that required and in agreeing to a consent decree. Id. at 264. We observed that "[n]one of these circumstances, in our opinion, support the view that these orders are not subject to modification to meet the reasonable needs of other parties in other litigation." Id. at 264. Trials ordinarily take place in public and the purpose of federal discovery is to force full disclosure. Id. We held that Olympic was entitled to modification of the order and access to the information, subject to reasonable restrictions on disclosure. Id. at 266.
 
 
 24
 The Seventh Circuit, citing Olympic with approval, stresses the importance of eliminating duplicative discovery. See Wilk v. American Medical Ass'n, 635 F.2d 1295, 1301 (7th Cir.1980). Of course there is a countervailing argument: that allowing modification may slow down the initial litigation, because parties are discouraged from disclosing for fear of forced disclosure in a later action. However, legitimate interests in privacy can be protected by putting the intervenors under the same restrictions as those contained in the original protective order. United Nuclear, 905 F.2d at 1428. Here, intervenors already have agreed to use the information in accordance with protective orders in the state actions. International has not argued that this protection is insufficient.
 
 
 25
 A related concern is the reliance interests of the party opposing modification. The extent to which a party can rely on a protective order should depend on the extent to which the order induced the party to allow discovery or to settle the case. For instance, reliance would be greater where a trade secret was involved, or where witnesses had testified pursuant to a protective order without invoking their Fifth Amendment privilege. See Public Citizen, 858 F.2d at 791.
 
 
 26
 In the instant case, the parties stipulated to a blanket protective order. Reliance will be less with a blanket order, because it is by nature overinclusive. Public Citizen, 858 F.2d at 790. International thus never made a particular showing of reliance with regard to the six deposition transcripts at issue here. In addition, the stipulation and stipulated order dismissing the Beckman action recognized that "as insurers and insureds, [the parties] share interests and fiduciary relationships which should be protected" and that the parties wished to protect business advantage and proprietary information. The state litigation concerns exactly the same relationship in the same type of action, i.e., a dispute between insurer and insureds over the interpretation of EIL policies. In this situation, we see no unfair prejudice to International by allowing access to the transcripts.
 
 
 27
 Further, because the protective order was a stipulated blanket order, International never had to make a "good cause" showing under Fed.R.Civ.P. 26(c) of the need for protection of the deposition transcripts in the first place. Nor does it allege specific prejudice or harm now. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir.1986). Thus, International has never made the showing necessary to justify continued protection of the transcripts.
 
 
 28
 Olympic controls this case. The discovery here is sought to meet the "reasonable needs of other parties in other litigation." Olympic, 332 F.2d at 264. International never made a "good cause" showing under Fed.R.Civ.P. 26(c) justifying initial protection of the transcripts. It did rely on the protective order in granting discovery and settling the case. However, Olympic held that reliance on a protective order under these circumstances could not, without more, justify refusal to modify when there is a reasonable request for disclosure. Olympic, 332 F.2d at 264. International has not provided the court with "more." The decision to modify the protective order was well within the discretionary powers of the trial court, and we affirm.
 
 
 29
 AFFIRMED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and record pursuant to Fed.R.App.P. 34(a) and 9th Cir. R. 34-4
 
 
 [1]
 The relevant portion of Rule 24(c) states that "[a] person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought."
 
 
 [2]
 The concluding sentence of the intervenor's motion under Rule 24(a) stated, "[i]n any event, the Intervenor may be permitted to intervene by the court pursuant to F.R.C.P. 24(b) as the intervention will not delay or prejudice the rights of the original parties." Smith v. Pangilinan, 651 F.2d at 1326
 
 
 [3]
 Spangler v. Pasadena City Bd. of Ed., 552 F.2d 1326 (9th Cir.1977), cited by International to support strict compliance with Rule 24, is not on point. The issue was the importance of filing a motion to intervene when a person seeks to become a party. Id. at 1329. The court did not discuss Fed.R.Civ.P. 24(c) or the level of formal compliance that is required
 
 
 [4]
 For "good cause shown," the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed.R.Civ.P. 26(c)