33 F.3d 59
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SAN FRANCISCO NAACP, Plaintiff-Appellee,
v.
SAN FRANCISCO U.S.D. BOARD OF EDUCATION; State of
California Board of Education, Defendants,
Mujeres Unidas Y. Aactivas, Coalition For Immigrant and
Refugee Rights; Alianza; Padres Unidos En Contra De La
Violencia; Chinese For Affirmative Action; Nadia Elisabet
Ortiz; Adriana Michelle Ortiz; Alvaro Salinas; Alberto
Salinas; Richardo Ugo Ortiz; Francisco Ortiz; Wynne Wan;
Jacky Wan; Sui-Ming Wan; Noemi Ortiz; Susana Salinas;
Maria Guadalupe Ortiz; and Sui-Ming Wan, Applicants in
Intervention-Appellants.
 No. 93-16638.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 14, 1994.
Decided Aug. 19, 1994.
 
 Before: HUG, SCHROEDER, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants, a coalition representing parents and students of Latino and Asian descent, appeal the district court's order denying, without prejudice, their Fed.R.Civ.P. 24 application to intervene in the San Francisco school desegregation case.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. Review of the record and consideration of the unique posture of this case warrants affirming the district court's denial without prejudice of the motion to intervene.
 
 
 4
 Appellants contend that the district court erred when it denied their motion to intervene under both Fed.R.Civ.P. 24(a), intervention as of right, and Fed.R.Civ.P. 24(b), permissive intervention. We disagree. We review a district court's decision concerning intervention as of right de novo, Yniguez v. Arizona, 939 F.2d 727, 730 (9th Cir.1991), and a decision concerning permissive intervention is reviewed for abuse of discretion. Beckman Indus., Inc. v. International Ins. Co., 966 F.2d 470, 472 (9th Cir.), cert. denied, 113 S.Ct. 197 (1992).
 
 
 5
 A motion to intervene as of right under Rule 24(a) is analyzed under a four-part test. Scotts Valley Band of Pomo Indians v. United States, 921 F.2d 924, 926 (9th Cir.1990).
 
 
 6
 First, the applicant's motion must be timely; second, the applicant must assert an interest relating to the property or transaction which is the subject of the action; third, the applicant must be so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect that interest; and fourth, the applicant's interest must be inadequately represented by the parties to the action.
 
 
 7
 Id.
 
 
 8
 Although the appellants have met the requirements of timeliness and interest in the subject matter, a review of the posture and history of this case reveals that at this stage of implementation of the consent decree, the appellants have failed to demonstrate that, without intervention, their ability to protect their interests will be impaired or impeded and that their interests will not be adequately represented. We agree with the district court that intervention should be denied at this time because, as the district court aptly stated:
 
 
 9
 The hallmark of this case has been the unusually high level of cooperation between those representing the children and those representing the schools. This cooperation has maximized the money and energy spent to achieve the goals of the litigants, and minimized the often detrimental long-term effects of pitched courtroom battle on participants who have to work together in the aftermath. The parties to date have drafted and implemented a desegregation plan that has achieved significant results in the physical desegregation of the San Francisco schools. The work of lawyers was essential in crafting and maintaining the plan.
 
 
 10
 As the case enters this new stage, however, seeking to adjust the implementation of the Consent Decree in accordance with the Committee of Experts' recommendations, the litigation is shifting to the questions of educational policy, which will be investigated by a committee of nonlawyers, the Advisory Committee. ... The success of maintaining the desegregation achieved and increasing the educational performance of historically disadvantaged children depends not on the number of lawyers prepared to bring noncompliance issues to Court, but the effective use of Consent Decree monies in support of carefully crafted educational policies. The Advisory Committee is the key to the next phase of this litigation.
 
 
 11
 We agree that the Advisory Committee is the key to the next phase of implementing the consent decree. The Asian and Latino representatives have been granted special amicus status and each have been given a seat on the Advisory Committee. This allows them to express their views and protect their interests while working to create a school district that benefits all of its students.
 
 
 12
 A primary concern of the appellants in this appeal has been with bilingual education issues and whether the consent decree adequately covers those issues. A goal of the consent decree, in accomplishing the desegregation is to do so while improving the level of academic achievement for the students throughout the district. San Francisco is culturally and linguistically diverse. Thus, language issues are relevant to these goals and fall within the myriad of issues that should be considered by the Advisory Committee. The Advisory Committee will be able to listen to various points of view and to develop a recommendation on how best to address language issues in accomplishing the goals of the consent decree.
 
 
 13
 Thus, we affirm the district court's denial, without prejudice, of appellants' motion to intervene under either Fed.R.Civ.P. 24(a) or (b). We agree with the district court that there may come a time when the parties' interest will become so divergent that intervention will be appropriate. Now is not the time. Membership on the Advisory Committee allows the appellants to join in the continued efforts to achieve the goals of the consent decree in a fair manner based on mutual discussion and deliberation.
 
 
 14
 AFFIRMED.
 
 FERNANDEZ, Circuit Judge, concurring:
 
 15
 I concur in this disposition because I believe that, as the disposition states, the district court reached the correct result, at least for now.
 
 
 16
 I write separately to mention one error which could infect later proceedings but should not. The district court suggested that appellants' bilingual concerns were not the subject matter of this case. That seems plainly wrong to me. The consent decree indicated that one of its major goals was the achievement of academic excellence throughout the San Francisco School System--a large task, but one which the parties thought the federal court should undertake. That can hardly be accomplished without considering bilingual concerns, and the April 29, 1993 amendments to the decree expressly speak to some of those concerns.
 
 
 17
 The district court has also determined that bilingual concerns are "outside the interest and expertise of NAACP counsel."[1] Thus, it is very important to recognize that those concerns are involved in this case and that the district court will have to be particularly sensitive to them because the attorneys for the class plaintiffs are not.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Memorandum Decision and Order of July 21, 1993