Linda Gail Burel MULLINS, Plaintiff,

v.

The CITY OF GRIFFIN, Armond L. Chapeau, individually and in his official capacity as Chief of Police, Griffin Police Department, and Richard Crowdis, City Manager of the City of Griffin, Defendants.

No. 3:93–cv–10–GET.

United States District Court,
N.D. Georgia,
Newnan Division.

Jan. 6, 1995.

James B. Ellington, Hull Towill Norman & Barrett, Augusta, GA, for movant Thomson Newspapers (Wisconsin), Inc. dba Griffin Daily News, Inc.

Debra E. Schwartz, Marcia Weil Borowski, Stanford Fagan & Giolito, Atlanta, GA, for plaintiff Linda Gail Burel Mullins.

John Lewis Sapp, William Drummond Deveney, Elarbee Thompson & Trapnell, Atlanta, GA, Andrew J. Whalen, III, Mullins & Whalen, Griffin, GA, for defendants City of Griffin, Armond Chapeau, Individually and in his official capacity as Chief of Police, Griffin Police Department, Richard Crowdis, City Manager of the City of Griffin.

## ORDER

G. ERNEST TIDWELL, District Judge.

The above-styled matter is presently before the court on Thomson Newspapers (Wisconsin), Inc.'s, (d/b/a Griffin Daily News) motion to intervene, for modification of the consent order of dismissal and for access to settlement agreement [Docket No. 42] and motion for hearing [Docket No. 43].

### Background

On February 16, 1993, plaintiff filed this action under 42 U.S.C. § 2000e and 42 U.S.C. § 1983 alleging, *inter alia*, sexual harassment. In June 1994, the parties reached a settlement, and on June 16, 1994, this court signed a consent order dismissing the case. The June 16, 1994 consent order states:

The parties having consented hereto, it is hereby ORDERED that the above-captioned civil action be dismissed with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Having entered into a Confidential Settlement Agreement and Full and Final Release of All Claims, the parties are hereby ORDERED not to divulge the terms of the Agreement except as may be provided for in the Agreement itself.

Thomson Newspapers (Wisconsin), Inc. d/b/a Griffin Daily News ("the newspaper") moves to intervene, for modification of the consent order of dismissal and for access to the settlement agreement. The newspaper contends that public funds were used to settle this case, and, therefore, the newspaper has the right of access to the settlement agreement under the Georgia Open Records Act. O.C.G.A. § 50–18–70. The newspaper asks that it be allowed to intervene in this action, that the consent order dismissing the case be modified so that the parties are not required to keep the settlement agreement confidential and that the newspaper be given access to the settlement agreement.

### Jurisdiction

■ Defendants oppose the newspaper's motion to intervene on the grounds that this court does not have jurisdiction to entertain the newspaper's motion. Defendants rely upon *Kokkonen v. Guardian Life Ins. Co.*, — U.S. ——, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), which holds a district court does not have jurisdiction over a claim for breach of a settlement agreement unless compliance with the settlement agreement was made part of the order of dismissal. *Kokkonen* does not control this case because in the June 16, 1994 dismissal order, this court required the parties to comply with the confidentiality provision of the settlement agreement, and thereby, retained jurisdiction. *Id.* at ——, 114 S.Ct. at 1677. Furthermore, independent jurisdiction over an intervenor's claim is not necessary for a district court to modify an order. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 n. 3 (3rd Cir. 1994); *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 473 (9th Cir.

1992). Accordingly, this court has jurisdiction over the newspaper's claim.

### Motion to Intervene

■ The newspaper seeks to intervene in this action to (1) modify the June 16, 1994 order and (2) gain access to the settlement agreement. The Third Circuit recently decided a case similar to this action. In *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 n. 3 (3rd Cir.1994), the plaintiff brought a civil rights suit against the local government, and when the parties reached a settlement, the district court entered an order requiring the parties to keep the settlement agreement confidential. About six months after the settlement, a newspaper sought to intervene to challenge the confidentiality order and to gain access to the settlement agreement. The *Pansy* court held that "a district court may properly consider a motion to intervene permissively for the limited purpose of modifying [or vacating] a [confidentiality] order even after the underlying dispute between the parties has long been settled." *Id.* at 780. *See also Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) (granting appellant's motion to intervene for the limited purpose of unsealing a case file which had been sealed pursuant to a court order following settlement). Based on *Pansy* and *Brown*, the court GRANTS the newspaper's motion to intervene but only for the limited purpose of modifying this court's June 16, 1994 order.

### Motion to Modify the Order of Dismissal

The newspaper moves for modification of the dismissal order so that defendants are not bound to keep the settlement agreement confidential pursuant to the provisions of the court order.

■ After weighing the interests of the parties' reliance on confidentiality as a term of the settlement, the court finds the order of confidentiality in this case is unjustified. *See Brown, Pansy* and *Beckman, supra.* Accordingly, the newspaper's motion for modification of the consent order is GRANTED. The second sentence of the June 16, 1994 order which states, "Having entered into a Confidential Settlement Agreement and Full

and Final Release of All Claims, the parties are hereby ORDERED not to divulge the terms of the Agreement except as may be provided for in the Agreement itself.", is hereby DELETED.

### Motion for Access to the Settlement Agreement

The newspaper also moves for access to the settlement agreement. Because the June 16, 1994 order has been modified, the relief requested by the newspaper is more appropriately resolved in some other proceeding; therefore, said motion is DISMISSED.

### Motion for Hearing

Because the court has ruled on the newspaper's motion to intervene, for modification of the consent order of dismissal and for access to settlement agreement [Docket No. 42], the newspaper's motion for a hearing is DISMISSED AS MOOT.

### SUMMARY

For the above stated reasons, the newspaper's motion to intervene [Docket No. 42–1] is GRANTED, but only for the limited purpose of modifying this court's June 16, 1994 order; the newspaper's motion to modify the order of dismissal [Docket No. 42–2] is GRANTED; and the newspaper's motion for access to the settlement agreement [Docket No. 42–3] is DISMISSED. The newspaper's motion for a hearing [Docket No. 43] is DISMISSED AS MOOT.

SO ORDERED.