53 F.3d 338
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 David FIERRO, Plaintiff,
and
James H. GOMEZ, et al., Defendants-Appellees,
v.
Richard E. GRANT, Applicant in intervention-Appellant.
 No. 93-17264.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 13, 1995.*
Decided April 25, 1995.
 
 Before: TANG, SCHROEDER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard E. Grant, a condemned California inmate, appeals pro se the district court's order denying his motion to intervene in Fierro v. Gomez, 865 F.Supp. 1387 (N.D. Cal. 1994), a suit challenging the constitutionality of the State of California's use of lethal gas as a method of execution. He seeks intervention in order to urge the constitutionality of lethal gas, the method by which he would like to be executed. We affirm.
 
 A.
 
 3
 The underlying suit, filed by plaintiffs on April 17, 1992 pursuant to 42 U.S.C. Sec. 1983, sought to invalidate lethal gas as a method of execution in California on the ground that it constituted cruel and unusual punishment in violation of the Eighth Amendment. The named plaintiffs in that suit are death row inmates, suing on behalf of themselves and all others similarly situated.
 
 
 4
 In a letter to the district judge dated July 30, 1993, appellant expressed his opposition to the suit and to his inclusion in the proposed class. He also requested that the proceedings be stayed. Grant filed motions to intervene and stay the proceedings on October 6, 1993, and renewed those motions on October 21, 1993. Trial began as scheduled on October 25, 1993. On November 3, 1993, the district court denied Grant's motions, finding that because Grant had notice of this action long before he sought to intervene, the motion to stay the evidentiary hearing was untimely, and that intervention was unnecessary because defendant prison officials adequately represented Grant's claim that the use of lethal gas was constitutional. Grant filed a notice of appeal from the denial of his motion to intervene on November 26, 1993. Supplemental briefing was completed in the underlying suit in March 1994. On March 14, 1994, the Ninth Circuit denied the state's request to dismiss Grant's appeal as moot, and denied its alternative request to stay briefing and argument of Grant's appeal pending final disposition of the underlying action.
 
 
 5
 In published findings of fact and conclusions of law dated October 4, 1994, the district court held that California's method of execution by lethal gas constituted cruel and unusual punishment under the Eighth Amendment, and enjoined the state's further use of lethal gas. 865 F.Supp. at 1415. An appeal in this matter is pending.
 
 B.
 
 6
 A district court's decision concerning intervention as of right pursuant to Fed. R. Civ. P. 24(a) is reviewed de novo. Greene v. United States, 996 F.2d 973, 976 (9th Cir. 1993). The district court's determination of timeliness, however, is reviewed only for abuse of discretion. Sierra Club v. EPA, 995 F.2d 1478, 1481 (9th Cir. 1993). A district court's decision concerning permissive intervention pursuant to Fed.R.Civ.P. 24 (b)(2) is reviewed for an abuse of discretion. Beckman Industries, Inc. v. International Ins. Co., 966 F.2d 470, 472 (9th Cir.), cert. denied, 113 S.Ct. 197 (1992).
 
 
 7
 We turn first to an examination of whether Grant met the test for intervention as of right under Fed.R.Civ.P. 24(a). Rule 24(a) provides, in pertinent part, that an applicant shall be permitted to intervene when the applicant
 
 
 8
 claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 
 
 9
 Id. We apply a four-part test under this rule: 1) timeliness; 2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; 3) the applicant must be so situated that the disposition of the action may, as a practical matter, impede or impair the applicant's ability to protect that interest; 4) the parties inadequately represent the applicant's interest. Sierra Club, 995 F.2d at 1481.
 
 
 10
 In determining that Grant was not entitled to intervention as of right, we note that whether an applicant has a "significantly protectable" interest, Donaldson v. United States, 400 U.S. 517, 531 (1971), at stake in the underlying litigation is a threshold inquiry. Greene, 996 F.2d at 976 (9th Cir. 1993). In 1992, while the underlying case was pending in the district court, the California legislature amended Cal. Penal Code Sec. 3604. As amended, Sec. 3604 provides, in the cases of inmates sentenced to death after the effective date of the amendment, that such inmates may elect to have their capital punishment carried out by either lethal gas or lethal injection. As a result of the district court's ruling, condemned inmates are currently subject only to lethal injection, a method of execution whose constitutionality Grant does not contest.
 
 
 11
 Grant seeks to intervene because he believes execution by lethal gas is constitutional, and because he wants the State of California to respect his preference to be executed in the gas chamber rather than by lethal injection. Such bases for intervention presuppose that a condemned inmate has a "significantly protectable" right in his mode of execution, assuming that mode is constitutional. Finding no authority that supports Grant's argument, we conclude that a condemned inmate has no such right.
 
 
 12
 Even assuming that Grant could establish a "significantly protectable interest" in his preferred method of execution, we further find that the defendant prison officials in the underlying matter adequately represented his interests. On brief, Grant disputes this characterization. Both the record and the district court opinion, however, establish that the defendants vigorously advocated the constitutionality of lethal gas executions. See generally Fierro v. Gomez, 865 F. Supp. at 1394-1415.
 
 
 13
 Because we conclude that Grant cannot meet the four requirements for intervention as of right, we find no error.
 
 
 14
 Assuming that Grant sought permissive intervention pursuant to Fed. R. Civ. P. 24 (b)(2), we conclude that the district court did not abuse its discretion by denying his motion. As discussed above, permissive intervention is discretionary with the district court. The district court concluded that the defendants adequately represented Grant's claim that use of lethal gas is a constitutional method of execution. The district court provided an adequate reason for denial of permission to intervene and therefore the denial is not an abuse of discretion.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed. R. App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3