91 F.3d 158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Christine WADE, f/k/a Christine Snow, Plaintiff-Appellant,
v.
REGIONAL CREDIT ASSOCIATION, a California corporation,
Defendant-Appellee.
 No. 95-35434.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 4, 1996.
Decided July 3, 1996.
 
 Before: BROWNING, WRIGHT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Counsel for Christine Wade appeals the district court's protective order and its imposition of fees. We affirm and award attorneys fees to RCA on the appellant's appeal of these decisions.[1]
 
 1. Protective Order
 
 3
 Counsel for Wade argues that the court erred in its protective order enjoining counsel from using the list of alleged debtors to solicit new clients. This court reviews for abuse of discretion. Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 472 (9th Cir.), cert. denied, Int'l Ins. Co. v. Bridgestone/Firestone, Inc., et al., 506 U.S. 868 (1992).
 
 
 4
 The court granted RCA's motion for the order because it found that counsel had not filed a timely memorandum in opposition. Counsel for Wade moved for reconsideration and the court upheld the order, citing reasons for the order aside from untimeliness. First, it questioned whether counsel's plan to use the list to solicit clients was proper under the rules of discovery or under any construction of the relevant statutes. Second, it noted that such use may violate the canons of professional ethics with reference to direct solicitation of professional services. Third, it expressed concern that counsel was attempting to gain an unfair advantage over RCA. Finally, it concluded that by conditioning the settlement of Wade's case on a separate settlement with the law firm, counsel had a conflict of interest in violation of the canons of ethics.
 
 
 5
 Counsel's responses to the court's reasoning are unavailing. For example, it argues that the rules of discovery do not bar disclosure of such information to other potential litigants, but in fact encourage disclosure because it contributes to judicial economy. Counsel cites cases involving multiple lawsuits where disclosure of information to other plaintiffs would save these plaintiffs the burden of having to rediscover the same information. See, e.g., Wauchop v. Domino's Pizza, Inc., 138 F.R.D. 539 (N.D.Ind.1991).
 
 
 6
 These cases are not on point. The discovery material that counsel sought to disclose was not information that other potential litigants were likely to seek in discovery, but material identifying potential litigants. Counsel has not shown how disclosure would serve judicial economy.
 
 
 7
 Counsel also argues that use of the list is permissible under federal statute, despite a provision of the FDCPA that prohibits disclosure of debtor information by collection agencies to third parties. 15 U.S.C. § 1692d(3). Counsel argues that it falls under two exceptions to this provision. The first permits disclosure to one who the collector has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer...." 15 U.S.C. § 1681b(3)(A). The second permits disclosure to one who the collector has reason to believe "otherwise has a legitimate business need for the information in connection with a business transaction involving the consumer." Id. § 1681b(3)(E).
 
 
 8
 These exceptions do not apply. Counsel did not intend to use the information in connection with a credit transaction, and its desire to solicit new clients is not a "legitimate business need" under the statute.
 
 
 9
 Counsel argues that it did not engage in a conflict of interest in violation of Idaho's Rules of Professional Conduct. Rule 1.7(b) reads in part:
 
 
 10
 A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
 
 
 11
 (1) the lawyer reasonably believes the representation will not be adversely affected; and
 
 
 12
 (2) the client consents after consultation.
 
 
 13
 I.R.P.C. 1.7(b).
 
 
 14
 Wade's counsel induced RCA to agree to a $3,000 settlement, intimating that it might use the debtor list to solicit new clients. Then, when RCA agreed to settle, Wade's counsel demanded an additional $30,000 to stop its use of the list. This exorbitant demand inevitably ended settlement negotiations and prevented Wade from receiving the $3,000 and benefiting from the settlement of the litigation. If counsel believed that the demand would not adversely affect its representation of Wade, its belief was unreasonable. Also, counsel has not indicated that it had Wade's consent to this separate settlement offer. We agree with the district court that counsel had a conflict of interest in violation of Idaho's Rules of Professional Conduct.
 
 
 15
 Counsel responds by citing an ABA ethics opinion that says that a lawyer cannot agree to refrain from representing present or future clients against a defendant pursuant to a settlement agreement on behalf of a current client. ABA Comm. on Ethics and Professional Responsibility, Formal Op. 93-371 (1993). RCA did not, however, seek to bar counsel from representing those on the list. It sought only to prevent the use of the list, a product of discovery, beyond the scope of the suit for the solicitation of new clients.
 
 
 16
 Counsel asserts that it intended to use the list for the salutary purpose of informing the alleged debtors that RCA had violated the FDCPA and Idaho's Consumer Protection Act and letting them know of their available remedies. But for $30,000, it was willing to forego this effort. The demand for cash and the admissions that it intended to use the list to solicit new clients belie counsel's eleventh-hour claims that it sought to provide a public service.
 
 
 17
 The district court gave good reasons for the protective order, and we find no abuse of discretion. Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc., 62 F.3d 1217, 1219 (9th Cir.1995).
 
 2. District Court's Award of Attorneys Fees
 
 18
 Counsel for Wade argues that the district court erred in granting attorneys fees to RCA. The court based this discretionary decision on the same reasons given for the protective order. This reasoning is sound and the court did not abuse its discretion. Franklin Fin. v. Resolution Trust Corp., 53 F.3d 268, 271 (9th Cir.1995).
 
 3. Attorneys Fees on Appeal
 
 19
 RCA seeks attorneys fees on appeal. We have discretion to award them as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38. An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit. Smith v. Ricks, 31 F.3d 1478, 1489 (9th Cir.1994), cert. denied, 115 S.Ct. 1400 (1995).
 
 
 20
 Counsel appealed the district court's well-grounded decision granting the protective order and imposing attorneys fees, knowing that we review such decisions under the highly deferential abuse of discretion standard. Counsel's arguments of error are wholly without merit. We grant reasonable attorneys fees to RCA in connection with the appeal of these issues and assess them against counsel's firm, Ellsworth, May, Sudweeks, Stubbs, Ipsen & Perry.
 
 
 21
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In a separate, published disposition, we affirm the district court's summary judgment finding that RCA did not violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692o. RCA is not entitled to attorneys fees in connection with Wade's appeal of that judgment