95 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CONFEDERATED TRIBES & BANDS OF the YAKAMA INDIAN NATION, Plaintiff,
v.
Malcolm BALDRIGE, Defendant, and
TULALIP TRIBE; Stillaguamish Tribe; Quinault Indian
Nation; United States of America; Hoh Tribe; Quileute
Indian Tribe; Lummi Tribe; Confederated Tribes of the Warm
Springs Reservation; Confederated Tribes of the Umatilla
Indian Reservation; Nez Perce Tribe of Idaho,
Plaintiffs-Intervenors-Appellees,
v.
ALASKA TROLLERS ASSOCIATION, Applicant in intervention-Appellant.
 No. 95-36104.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 10, 1996.
Decided Aug. 13, 1996.
 
 Before: WRIGHT, PREGERSON, and TASHIMA, Circuit Judges:
 
 
 1
 MEMORANDUM*
 
 
 2
 The Alaska Trollers' Association (ATA) appeals the district court's denial of its motion to intervene as of right and its refusal to consider ATA's request for permissive intervention in the litigation resulting in the order published at 898 F.Supp. 1477 (W.D.Wash.1995) (Baldrige II ). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * We review de novo the district court's denial of intervention as of right. Sierra Club v. EPA, 995 F.2d 1478, 1481 (9th Cir.1993). A district court must grant intervention as a matter of right if the intervenor-applicant meets four requirements: (1) the claim is timely, (2) the applicant has a protectable interest relating to the issues litigated, (3) the interest of the intervenor-applicant will be impaired if intervention is denied, and (4) this interest is inadequately represented by the parties to the action. Fed.R.Civ.Pro. 24; United States v. Washington, No. 95-35442, slip op. 7089, (9th Cir. filed June 12, 1996).
 
 
 4
 There is no question that ATA's motion to intervene was timely. Nevertheless, ATA fails to meet the next three requirements for gaining intervention as a matter of right.
 
 
 5
 First, ATA has no protectable interest in the Baldrige II litigation. In Portland Audubon Soc'y v. Hodel, 866 F.2d 302, 309 (9th Cir.1989), we upheld a district court's denial of intervention as of right to the Northwest Forest Resources Council and various logging companies. We looked to the statute at issue, the National Environmental Protection Act (NEPA), and concluded that NEPA afforded no protection to the intervenors-appellants' economic interests. Portland Audubon, 866 F.2d at 309.
 
 
 6
 ATA was not a party to the Baldrige Stipulation. ATA's interest in the Baldrige II litigation derives from Alaska's claim that it could set an allocation of 230,000 salmon under the Baldrige Stipulation. ATA will surely be affected by this litigation. But the Baldrige Stipulation does not directly protect ATA's "purely economic interest," Portland Audubon, 866 F.2d at 309, and we therefore conclude that ATA has "no 'protectable' interest justifying intervention as of right." Id. (quoting Donaldson v. United States, 400 U.S. 517, 531 (1971)). Accordingly, the district court did not err in denying intervention as of right.
 
 
 7
 The exception to Portland Audubon set forth in Sierra Club, which allows for intervention as of right when a court's decision may require responsive action from an applicant in intervention, is inapplicable here. In Sierra Club, we considered whether the City of Phoenix had a right to intervene in a suit brought by the Sierra Club against the EPA to change the terms of the City of Phoenix's Clean Water Act permits. Distinguishing Portland Audubon as based on the economic interest of the intervenors-appellants, we went on to explain that Phoenix would be required to alter its discharges from its wastewater treatment plants. The change in the permits, we explained, would affect interests that "are rights connected with the City's ownership of real property [the treatment plants] and its status as an EPA permitee." 995 F.2d at 1482.
 
 
 8
 We justified our departure from Portland Audubon in Sierra Club because the City of Phoenix's real property rights in its treatment plants could be seriously affected by the Clean Water Act litigation. In addition, Sierra Club addressed the concern that the Clean Water Act litigation could require action by a governmental entity, the City of Phoenix. Issues of local government sovereignty were implicated. Thus, the city's intervention was crucial to the disposition of that case.
 
 
 9
 Here, by contrast, ATA does not have a real property right at stake. In fact, the anadromous Pacific salmon is migratory, and no citizen or interest group has an exclusive property right to these fish. Moreover, ATA holds no treaty or other state-provided right to the salmon; consequently, ATA cannot assert a property right similar to that asserted by the City of Phoenix.
 
 
 10
 ATA also fails to meet the third and fourth requirements for intervention as of right. The district court denied ATA's motion to intervene because it determined that Alaska could adequately represent ATA interests. The court noted that Alaska's interests in exceeding the Chinook Technical Committee catch ceiling were the same as those of ATA. After all, Alaska wanted to use its abundance-based model precisely because it yielded a higher salmon allocation for Alaska fisheries.
 
 
 11
 The Baldrige II litigation concerns the State of Alaska's duties under the Baldrige Stipulation, which does not implicate any protectable interest held by ATA. To the extent ATA will be affected by the litigation, Alaska is capable of representing those interests. The district court properly denied ATA's motion to intervene as of right.
 
 II
 
 12
 We review the district court's denial of permissive intervention for an abuse of discretion. Washington, slip op. at 7106. To prevail on a motion for permissive intervention, an intervenor-applicant must present for litigation a "common question of law and fact between the movant's claim or defense and the main action," provide an independent ground for jurisdiction, and file the motion in a timely manner. Beckman Indus., Inc. v. International Ins. Co. 966 F.2d 470, 473 (9th Cir.), cert. denied, 113 S.Ct. 197 (1992).
 
 
 13
 The district court explained that the interests of ATA in the Baldrige II litigation derived from the questions of law and fact that existed with regard to Alaska's duties under the Baldrige Stipulation. Thus, ATA's claims did not share a common question of law and fact with the main action presented to the district court.
 
 
 14
 Our review of Baldrige II requires us to interpret the Baldrige Stipulation. To the extent ATA had an interest in that litigation, those interests were sufficiently represented by the State of Alaska. We therefore conclude that the district court did not abuse its discretion when it declined to grant ATA permission to intervene.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3