**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



FILED

MAY 06 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAREN COSGROVE, a single person, | No. 18-15229 |
| Plaintiff, | D.C. No. 2:14-cv-02229-HRH |
| v. | |
| NATIONAL FIRE & MARINE INSURANCE COMPANY, a foreign insurer, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| v. | |
| UNITED POLICYHOLDERS, proposed Intervenor, | |
| Movant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
H. Russel Holland, District Judge, Presiding

Argued and Submitted April 16, 2019
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: THOMAS, Chief Judge, M. SMITH, Circuit Judge, and VRATIL,[**] District Judge.

United Policyholders ("United") appeals from the district court's denial of its motion for permissive intervention following the dismissal of the case with prejudice. United sought permissive intervention to unseal and reinstate a partial summary judgment order that was sealed and vacated according to the terms of the settlement agreement resolving the case.

"Permissive intervention is committed to the broad discretion of the district court." *Orange County v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986). Thus, we review a district court's denial of a motion for permissive intervention for abuse of discretion. *Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1352 (9th Cir. 2013). We have jurisdiction under 28 U.S.C. §1291. We conclude that the district court did not abuse its discretion in denying United permissive intervention for the purpose of reinstating a vacated order. However, we conclude that the district court should have considered additional factors in considering the motion for permissive intervention for the purpose of unsealing the court record. Therefore, we affirm in part and remand in part. Because the parties are familiar with the history of the case, we need not recount it here.

---

[**] The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

I

The district court did not abuse its discretion in denying United's motion to intervene for the purpose of reinstating the vacated partial summary judgment order. Non-parties seeking permissive intervention in a civil case under Federal Rule of Civil Procedure 24(b) generally must show: "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). Rule 24(b)(3) specifically instructs that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

United has no independent basis for jurisdiction, nor does it possess a common question of law and fact with the claims or defenses involved in the main action. The district court determined that granting permissive intervention would prejudice the parties because the case had been dismissed pursuant to a settlement of the parties. The district court did not abuse its discretion in denying United permissive intervention for the purpose of attempting to reinstate a vacated order,

3

given that such an action would have "prejudice[d] the adjudication of the original parties' rights." Reinstating a vacated order, at the behest of a third party, six months after dismissal of the action with prejudice would have impaired the original parties' right to appeal the original order or seek certification for appeal, and would have the potential effect of negating the settlement. *See Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc.*, 62 F.3d 1217, 1220 (9th Cir. 1995) (highlighting that a "potential prejudice to the parties is the possibility that modification would 'unravel' the original settlement."). Thus, seeking permissive intervention for the purpose of reinstating a substantive merits order is not, as United claims, a purely collateral challenge, but is instead substantive in nature. *See id.* In short, United did not establish independent jurisdiction or a common issue of law or fact, and the district court did not abuse its discretion in determining that intervention for the substantive purpose of reinstating a vacated order would prejudice the parties.

## II

To the extent that United sought only to unseal the original partial summary judgment order and the order vacating it, different considerations apply. *See San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1100–01 (9th Cir. 1999) (describing requirements). A third party seeking permissive intervention

4

purely to unseal a court record does not need to demonstrate independent jurisdiction or a common question of law or fact. *Beckman*, 966 F.2d at 473. And there is a "strong presumption" in favor of the public's right of access to judicial records. *San Jose Mercury News*, 187 F.3d at 1102. In ruling on a motion to intervene for this purpose, a court must evaluate whether the countervailing interests opposing public disclosure can overcome the presumption in favor of it. *Id.* It is not clear from the record that the district court undertook this inquiry and balanced the public interest with potential prejudice to the parties and the other factors to be considered in deciding a permissive intervention motion. Therefore, we vacate that portion of the district court order addressing only the motion to unseal records, and we remand it for reconsideration and the entry of appropriate findings by the district court. We do not prejudge the outcome of that inquiry.

The parties shall bear their own costs.

**AFFIRMED in part; VACATED and REMANDED in part.**