CIVIL MINUTES – GENERAL 

Case No. 2:22-cv-06589-DSF-MAR Date: January 8, 2024 
Title: 
Present: The Honorable: MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE 
 VALERIE VELASCO N/A 
 Deputy Clerk Court Reporter / Recorder 

 Attorneys Present for Petitioner: Attorneys Present for Defendants: 
 N/A N/A 
Proceedings: (In Chambers) ORDER DENYING MOTION FOR 
 PROTECTIVE ORDER, DKT. 97 
 I. 
 BACKGROUND: 

On September 14, 2022, Anastasia Martinez (“Plaintiff”) filed the instant 42 
U.S.C. § 1983 (“section 1983”) action against County of Los Angeles (“County”), Alex 
Villanueva, California Commerce Club, Inc., and Danny Banuelos (collectively, 
“Defendants”). ECF Docket No. (“Dkt.”) 1. Plaintiff alleges violations of the Fourth 
and Fourteenth Amendment arising from an incident where Banuelos allegedly 
committed sexual battery on Plaintiff. Id. 
On December 21, 2023, Defendants filed a Motion for a Protective Order 
preventing the deposition of Undersheriff April tardy. Dkt. 97. The Motion is before 
the Court on the parties’ joint stipulation. Id. The Court finds the Motion 
appropriate for decision without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15. 
Accordingly, the January 17, 2024 hearing is hereby VACATED. For the reasons 
below, Defendant’s Motion is DENIED. 
 II. 
 DISCUSSION 
A. THE MOTION IS PREMATURE 
1. Applicable law 
A court may for good cause enter a protective order under Rule 26(c) to 
“protect a party or person from annoyance, embarrassment, oppression, or undue 
burden or expense.” Fed. R. Civ. P. 26(c)(1). The party seeking to limit or prevent 
discovery bears the burden of demonstrating good cause for entry of a protective 
 CIVIL MINUTES – GENERAL 

Case No. 2:22-cv-06589-DSF-MAR Date: January 8, 2024 
Title: 
order. Roe v. Puig, No. CV 20-11064-FMO (MRWx), 2021 WL 4557229, at *1 
(C.D. Cal. Aug. 13, 2021) (citing Fed. R. Civ. P. 26(c)(1)); see also Kamakana v. City 
and Cnty. of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006) (noting that Rule 26(c) 
requires a “particularized showing” of good cause for the entry of a protective order). 
“For good cause to exist, the party seeking protection bears the burden of showing 
specific prejudice or harm will result if no protective order is granted.” Phillips ex. rel. 
Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) (citing 
Beckman Indus., Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992)) 
(holding that “broad allegations of harm, unsubstantiated by specific examples or 
articulated reasoning, do not satisfy the Rule 26(c) test”). 

2. Analysis 
Here, although Plaintiff previously noticed a deposition for Undersheriff Tardy 
and took a certificate of nonappearance when they failed to appear, there is no 
pending notice for a deposition, nor is there a pending motion to compel Tardy’s 
deposition. In fact, as both parties acknowledge, the original discovery cut-off of 
December 15, 2023 has passed. Dkt. 76 (order setting deadline). The district judge 
recently extended fact discovery by thirty (30) days for the limited purpose of taking 
the depositions of Gerald Galvez, Julie Martinez, and Carlos Prieto. Dkt. 96. The 
district judge explicitly clarified that the extension “does not apply to any other fact 
discovery.” Id. 
Accordingly, Defendants’ motion for a protective order appears wholly 
unnecessary until Plaintiff either serves another deposition notice or files a motion to 
compel Tardy’s deposition, both of which would also require Plaintiff to seek another 
extension of the discovery deadline from the district judge. Defendants essentially 
seek an order “just in case” Plaintiff will renew their attempts to depose Tardy at 
some point in the future; in other words, the harm Defendants seek protection from 
is, at this point, purely hypothetical. Because Defendants cannot show that prejudice 
or harm “will result” if no protective order is granted, Defendants have not 
established good cause for their requested protective order. 
/// 
/// 
 CIVIL MINUTES – GENERAL 

Case No. 2:22-cv-06589-DSF-MAR Date: January 8, 2024 
Title: 
B. REQUEST FOR COSTS AND FEES 
Plaintiff requests that Defendants and/or their counsel should be ordered to 
pay Plaintiff’s reasonable expenses incurred in opposing the motion. Dkt. 97 at 14. 
Fed. R. of Civ. P. 26(c)(3) states that Fed. R. of Civ. P. 37(a)(5) applies to the award of 
expenses in motions for protective orders. Fed. R. of Civ. P. 37(a)(5) (“Rule 
37(a)(5)”) provides that, if a motion is denied, the court: 
must, after giving an opportunity to be heard, require the movant, the 
attorney filing the motion, or both to pay the party or deponent who 
opposed the motion its reasonable expenses incurred in opposing the 
motion, including attorney’s fees. But the court must not order this 
payment if the motion was substantially justified or other circumstances 
make an award of expenses unjust. 
Fed. R. of Civ. P. 37(a)(5)(B). 
Here, the Court tends to agree with Plaintiff that the instant motion is, for the 
time being, not substantially justified. However, there remains a chance that Plaintiff 
could renew their efforts to depose Tardy. Indeed, counsel for Defendants 
specifically told counsel for Plaintiff that they would not file the instant motion if 
Plaintiff would agree in writing that they would not seek to pursue Tardy’s deposition; 
counsel for Plaintiff refused to make such a promise. Declaration of Olu K. Orange ¶ 
3, Ex. A. Plaintiff was well within their right to refuse to foreclose potential avenues 
of discovery. However, the possibility that Plaintiff might yet seek to depose Tardy 
complicates the question of whether an award of costs and fees for this motion would 
be appropriate. Though the motion may appear to be frivolous now, if Plaintiff 
proceeded to attempt to compel the deposition of Tardy, this motion would no longer 
appear frivolous in retrospect—the motion would still have been premature, but not 
necessarily unjustified. In this scenario, an award of costs and fees for this motion 
would be, at best, a windfall for Plaintiff, and, at worst, a reward for successful 
gamesmanship. Ultimately, because Plaintiff may still take actions that would render 
this motion substantially justified at a later date, the Court finds that an award of 
expenses would be unjust here. 
/// 
 CIVIL MINUTES – GENERAL 

Case No. 2:22-cv-06589-DSF-MAR Date: January 8, 2024 
Title: 

 III. 
 ORDER 
Defendants’ Motion for a Protective Order is DENIED, without prejudice. 
Plaintiff’s request for costs is DENIED. 

IT IS SO ORDERED. 

 : 
 Initials of Preparer vv