Darren THOMAS; Jesus Avila; Ernesto Avila; Tracy Batta Aaron Breitigam; Antonio Caballero; Ruben Calderon individually and as Guardian Ad Litem for Christina and David Calderon, minors; Carolina Calderon; Linda Calderon Jorge Calderon; Demetrio Carillo, Elzie Coleman; Dolores Dalton, Guardian Ad Litem for Ron Dlaton, a minor; Marianne English, individually and as Parent and Heir of Lawrence Johnson, Deceased; Sergio Galindo; Raul Gonzales; Marcelo Gonzalez; Richard Hernandez; Jeffrey Holliman; Socorro Huerta, Guardian Ad Litem for Fernandez Martinez, a minor Eric Jones; Sandra Leonard, Heir of William Leonard Deceased; Candi Leonard, Heir of William Leonard, Deceased Yidefonza Lorenzana; Alfredo Maya, individually and as Guardian Ad Litem for Irene Maya; Raul Maya, individually and as Guardian Ad Litem for Raul Maya, Jr., a minor; Carlos Maya; Marguerita Maya; Ruben Mayar; Lupe Maya; Natalie Melendrez, Guardian Ad Litem for Jessie Melendrez, a minor George Mendibles; Estella Montoya, individually and as Guardian Ad Litem for Rebecca Montoya, a minor and Crystal Trevino & Monique Trevino; Raphael Ochoa; Jose Ortega; Delia Osita; Patsy Perez, a Guardian Ad Litem for Adolpho Alejade and Brian Alejade, minors; Rita Preciado, Guardian Ad Litem for Salvador Preciado, a minor; Teresa Rodriguez individually and as Guardian Ad Litem for Alice Orejel and Maria Orejel, minors; Sergio Sanchez; Jose Sanchez;

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

Alfredo Sanchez; Charles Scott; Michael Sterling; Kevin Marshall William Scott; Alvin Washington; Danny Williams; Julia Polk, Administrator for the Estate of Lloyd Polk; Estela Sanchez; Alfonso Sanchea; Francisco Tovar, individually and as Guardian Ad Litem for Francisco Tovar, Jr., Yesenia Tovar, Marcela Tovar, Jaime Tovar, Jesus Tovar and Herman Tovar, minors; Elsa Tovar; Marta Velez, Plaintiffs,

v.

COUNTY OF LOS ANGELES; Los Angeles Sheriff's Department, a public entity; City of Lynwood, a public entity and a municipal corporation; Sherman Block, individually and as Sheriff of the County of Los Angeles; Robert Edmonds individually and as Undersheriff of the County of Los Angeles; Jerry Harper, individually and as Assistant Sheriff of the County of Los Angeles; Richard Foreman, individually and as Assistant Sheriff of the County of Los Angeles; Bert J. Cueva, individually and as Commander of the Los Angeles Sheriff's Department, Lynwood Station; Michael J. Garcia # 207136; Douglas Gillies, # 244674; Jason Mann, # 196175; Guy Mato, # 188894; Thomas Zampiello, # 128, who is sued individually and in his official capacity; Juan Alvarado Unknown Anderson, Sergeant # 160080; Charles Barton; Gary Blackwell; Steve Blair, # 236778; Robert Blume, # 273451 Unknown Brandenburg,# 209523; C. Brantley, Lt.; Timothy Broad; Richard L. Castro, Lt.; Unknown Costleigh, # 173151 Unknown Devine, Sgt.; Robert Dillard; Stephen Downey # 219137; Lance Fralick; Ronald E. Gilbert, # 207131; Unknown Giron; Neils Gittisarn, # 236616; Curtis Golden; Raymond Gott, Captain; Ruben Garcia, # 213459; Allen Harris; T.J. Harvey, # 038535; Unknown Holbrook, # 209619; Eric Hubner # 37190; Dale Huffman, # 265013; Kevin J. Kiff, # 235151; Allyn Lawrence Martin, # 223374; Abel A. Moreno, # 195912; Unknown Nunez, # 067434; Unknown O'hara, # 183119; Jerold Reeves # 208423; Michael Reynolds; Unknown Rifkin, # 207195; Larry Hultz; Samuel Silva; Gerald Richard Thompson, # 238853; Greg Thurman; Patrick Valdez; Michael Voge # 186761; Byron G. Wainie, # 222015; Todd Lawrence Wallace, # 248150; John A. West, # 248032; Michael Wilber; Chris James Young, # 248084 Paul Archambault, # 213669; Anthony Campbell, # 013405; James Corrigan, # 213671; Robert Delgadillo, # 230237; Kelly McMichael, (GILL), # 260309; J. Leslie, # 223389; John Mossotti, # 232692; Edward M. Nordskog, # 241276; Michael Pippin, # 116212; Dan Raimo, # 207220; Thomas A. Rosas # 111632; J. Sheehy, # 207157; Elizabeth Smith, # 222075 Gregory Thompson, # 196144; Timothy E. Benson, # 246380; Katherine Brown–Voyer, # 258489; T. Brownell; Richard Calzada; Scott Carter, # 150582; John Chapman, # 220837 Javier Clift; John Corina, # 213435; Daniel Cooper; Danielle Cormier; Frustino Delvalle; Craig Ditsch; Raymond Esquerra Timothy Glover; Frank Gonzales; Kevin Goran, # 222021; Albert Grotefend, # 034657; Joseph Guzman; Tommy Harris, Sgt.; Herrera, Lt.; Joseph Holmes, # 041885; Loy Luna, # 201663 Scott Lee McCormick, # 248043; Jack Neihouse; Unknown Nelson # 220245; Rodolfo O'Dell; Richard Orosco, # 068734; James Pacina; Unknown Radeleff, Lt.; Jack Ramirez, # 211246; R.A. Reed, # 236792; Allen Ripley; Martin Rodriguez; William Roman, # 077668; T.

Running; Michael Salvatore, # 044852 Michael Schneider, # 244092; M. Sparks, Lt.; Brian Steinwang # 218524, Jack Tarasiuk, # 244912; K. Wall, # 238868; James Whitten; Robert Windrim; Andre Pinesett, # 260171, each of whom is sued individually and in his or her official capacity as an agent or employee of the County of Los Angeles, Defendants—Appellees,

v.

Freddie Fuiava, Plaintiff–intervenor—Appellant.

No. 06–56228.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2008.*

Filed April 24, 2008.

Donald W. Cook, Esq., Mann & Cook, Los Angeles, CA, for Plaintiffs.

Peter M. Glick, Esq., Office of the County Counsel Kenneth Hahn Hall of Administration, Carol Ann Humiston, Esq., Morris Polich & Purdy, LLP, Los Angeles, CA, John M. Bowers, Esq., Fuentes & Mcnally, LLP, Glendale, CA, for Defendants–Appellees.

Diana Samuelson, Esq., Serra Lichter Daar Bustamante Gilg & Greenberger Pier Five North, San Francisco, CA, for Plaintiff–intervenor–Appellant.

Before: GOODWIN, KLEINFELD, and BYBEE, Circuit Judges.

MEMORANDUM **

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Freddie Fuiava appeals the district court's denial of his motion to intervene in this closed case in the Central District, to seek modification of a protective order that apparently is still in effect.

Fuiava, a prisoner seeking post-conviction relief in state court, alleges a need to access parts of the district court record to obtain evidence for use in his state court habeas corpus petition. The district court denied the motion without stating a reason for its denial. We vacate the challenged order and remand the motion to give the district court an opportunity to state the reasons for its ruling.

In *Foltz v. State Farm Mutual Automobile Insurance Co.,* 331 F.3d 1122 (9th Cir.2003), we held that district courts abuse their discretion when they deny motions seeking modification of a protective order without explanation.

On May 26, 2006, the California Superior Court in which Fuiava is pursuing his post-conviction remedy, granted in part his motion to conduct discovery of certain records from the Los Angeles County Sheriff's Department. Fuiava then made the pending motion to intervene in this case, requesting that the district court modify its protective order. Los Angeles County opposed the motion. Fuiava stated that he needed discovery of the underlying documentation relating to a deputy's use of force on the twenty individuals about whom the deputy had been questioned in his deposition, as well as "other documents that support his claim that there was a culture of misconduct prevalent at the Lynwood station...."

On July 31, 2006, the district court denied Fuiava's motion to intervene without explanation. The entire disposition states: "The Court has considered the motion of Freddie Fuiava to intervene to seek modification of the protective order, together with the moving and opposing papers. It

is Ordered that the motion be, and hereby is, Denied."

■ Federal Rule of Civil Procedure 24(b) permits intervention by a collateral litigant for the purpose of seeking modification of a protective order, even after the conclusion of the underlying action. *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 472–73 (9th Cir.1992). "This court strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." *Foltz,* 331 F.3d at 1131. When evaluating a collateral litigant's request for modification of a protective order, the district court must first assess the relevance of the protected discovery to the collateral proceedings. *Id.* at 1132. "[R]elevance hinges on the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings." *Id.* (internal quotation marks omitted). Second, the court must "weigh the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery." *Id.* at 1133.

The district court must explain its decision to allow for appellate review. In *Foltz,* the district court issued a cursory denial of the collateral litigant's motion to modify the protective order, without specifying the basis for its decision. *Id.* at 1133–34. We held that the district court abused its discretion because it "utterly fail[ed] to apply [the legal rules] to the facts of this case" and "articulate[d] no basis" for its conclusions. *Id.* at 1134. We remanded "with instructions to make a relevance determination based upon a comparison of the complaints ..., the contents of the protected discovery, the general rules on the scope of discovery in the collateral jurisdictions, and any other relevant factors...." *Id.*

In this case, the district court's order contains no reference to the controlling legal rules, nor does it apply these principles to the protected discovery in light of Fuiava's collateral state proceedings. *See Foltz*, 331 F.3d at 1133–34. As Fuiava notes in his reply brief, the district court's denial "gave this Court nothing upon which to base meaningful appellate review."

The district court's role in ruling on this motion is limited to making "a rough estimate of relevance," and "[e]ven if [it] modifies the protective order, it does not decide whether the collateral litigants will ultimately obtain the discovery materials." *Id.* at 1132–33. "[D]isputes over the ultimate discoverability of specific materials covered by the protective order *must be resolved by the collateral courts.*" *Id.* at 1133 (emphasis added). Here, the federal district court need decide only whether to modify its protective order. The state court has the sole authority to address whether the protected case materials are discoverable under California law, and whether habeas corpus is the proper collateral remedy.

Finally, the County contends that Fuiava's motion to intervene violates the *Rooker–Feldman* doctrine, which prohibits federal district courts from hearing appeals from state court judgments. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Fuiava is not appealing a state court judgment. Rather, his motion to intervene asks the federal district court to modify a protective order that it entered in a previous case. The state courts will retain full control over the discovery process in Fuiava's state court habeas proceedings. *See*

*Foltz*, 331 F.3d at 1133 ("If the protective order is modified, the collateral courts may freely control the discovery processes in the controversies before them without running up against the protective order of another court.").

The challenged order is vacated and the cause is remanded to the district court for further proceedings.