AT & T CORP., Plaintiff,

v.

SPRINT CORPORATION, U.S. Sprint Communications Company, L.P., formerly known as U.S. Sprint Communications Company Limited Partnership, U.S. Sprint Communications Company, ASC Telecom, Inc., OCMC, Inc, Onecall Internet, Inc., Defendants–Appellees,

Joel Z. Drizin, Movant–Appellant.

Docket No. 04–3442–CV.

United States Court of Appeals, Second Circuit.

Argued: April 4, 2005.

Decided: May 10, 2005.

Robert J. Tolchin, Jaroslawicz & Jaros, New York, NY, for Movant–Appellant.

Steven Cooper, Anderson Kill & Olick, P.C., New York, N.Y. (Todd D. Robichaud and Gail Eckstein, on the brief), for Defendants–Appellees.

Before: WINTER, McLAUGHLIN, and CABRANES, Circuit Judges.

MCLAUGHLIN, Circuit Judge.

Joel Drizin appeals from the denial of his motion to intervene in this case in the United States District Court for the Southern District of New York (Cote, *J.*). He seeks to intervene in order to request a modification to the district court's protective order. Because the district court did not abuse its considerable discretion in denying intervention, we affirm.

## BACKGROUND

This litigation involves an alleged scheme by Sprint Corporation and co-defendants (collectively, "Sprint") whereby callers who misdialed while attempting to make a collect call through AT & T, Inc. ("AT & T") were automatically connected to a Sprint service that supposedly charged a substantially higher rate than AT & T.

In 2002, Drizin brought a class action in New York Supreme Court (the "State Court Action") against Sprint on behalf of consumers who misdialed while attempting to place a collect call through AT & T and had their calls handled by Sprint instead.

In March 2003, AT & T commenced this action in the United States District Court for the Southern District of New York, alleging that Sprint improperly hijacked business intended for AT & T.

In September 2003, AT & T and Sprint agreed that a confidentiality order should be entered by the district court pursuant to Federal Rule of Civil Procedure 26(c) (the "Protective Order"). According to its own terms, the Protective Order was entered "for good cause shown."

The Protective Order allows AT & T and Sprint to designate as "confidential" certain documents and testimony produced in this federal action. Documents and testimony designated as confidential may not be disclosed to outside parties without the prior consent of the producing party or upon a court order.

In March 2004, Drizin moved to intervene in this action. He sought to modify the Protective Order to give him access to confidential documents produced by Sprint to AT & T in this action. Drizin seeks to use the confidential documents in the State Court Action even though discovery in that action had closed in September 2003. Drizin's counsel represented to the district court that AT & T was willing to provide him with the confidential documents if the district court were to modify the Protective Order.

In May 2004, Sprint and AT & T settled this action. The following month, the district court denied Drizin's motion to intervene and closed this case.

This appeal followed.

## DISCUSSION

We begin by noting the salient fact that Drizin has largely ignored: this is an appeal from a *denial of permissive intervention,* not a challenge to a denial of a modification to the Protective Order. Drizin spends little time addressing the concept of permissive intervention, perhaps aware of Emerson's advice that when skating on thin ice, safety lies in speed. Ralph Waldo Emerson, *Prudence, in Essays & Poems* 355, 364 (1996). We write only to emphasize the posture of this case and to recognize the broad discretion of the district court when considering permissive intervention.

We review a denial of intervention for abuse of discretion. *Butler, Fitzgerald & Potter v. Sequa Corp.,* 250 F.3d 171, 176 (2d Cir.2001). When a district court denies permissive intervention, our review is "particularly deferential." *United States v. City of New York,* 198 F.3d 360, 367 (2d Cir.1999). "[A] denial of permissive intervention has virtually never been reversed." *United States v. Hooker Chems. & Plastics Corp.,* 749 F.2d 968, 990 n. 19 (2d Cir. 1984).

Permissive intervention may be granted "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed.R.Civ.P. 24(b). When considering a request for permissive intervention, a district court must "consider whether the intervention will unduly

delay or prejudice the adjudication of the rights of the original parties." *Id.* We have stated that permissive intervention is the proper method for a nonparty to seek a modification of a protective order. *See Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 293–94 (2d Cir.1979).

■ Drizin's sole argument seems to be that the district court should have allowed him to intervene in this case because he is entitled to a modification of the Protective Order. He is wrong.

■ It is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *S.E.C. v. TheStreet.com*, 273 F.3d 222, 230 (2d Cir. 2001). Once a court enters a protective order and the parties rely on that order, it cannot be modified "absent a showing of improvidence in the grant" of the order or "some extraordinary circumstance or compelling need." *Martindell*, 594 F.2d at 296.

Drizin has failed to demonstrate that the Protective Order was improvidently granted or that either extraordinary circumstances or a compelling need exist. Rather, Drizin's motion appears to be an attempt to circumvent the close of discovery in his State Court Action. *See* 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure Civil 2d* § 2044.1 (2d ed. 1994) ("If the limitation on discovery in the collateral litigation would be substantially subverted by allowing access to discovery material under a protective order, the court should be inclined to deny modification."). Thus, he is not entitled to a modification of the Protective Order.

"Reversal of a district court's denial of permissive intervention is a very rare bird indeed, so seldom seen as to be considered unique." *United States v. Pitney Bowes,*

*Inc.*, 25 F.3d 66, 73 (2d Cir.1994). This case is not unique. The district court did not abuse its considerable discretion in denying Drizin's motion for permissive intervention, and thus we affirm.

## CONCLUSION

For the foregoing reasons, we affirm the district court's denial of Drizin's motion for permissive intervention.