Margarita LOPEZ TORRES, Steven Banks, C. Alfred Santillo, John J. Macron, Lili Ann Motta, John W. Carroll, Philip C. Segal, Susan Loeb, David J. Lansner, Common Cause/NY, Plaintiffs–Appellees,

NEW YORK STATE BOARD OF ELECTIONS, Carol Berman, Neil W. Kelleher, Helena M. Donohue, Evelyn J. Aquila, in their official capacities as Commissioners of the New York State Board of Elections, New York Republican Committee, Defendants–Appellees,

David Demarest, Association of Justices of the Supreme Court of New York, Andrew M. Cuomo,* Intervenor–Defendants–Appellees,

The New York Democratic Committee, Intervenor–Appellee

v.

Stephen Dibbs, Interested–Party Appellant,

Christopher Earl Strunk, Interested Party.

No. 07–0103–cv.

United States Court of Appeals, Second Circuit.

Nov. 19, 2008.

See also, —— U.S. ——, 128 S.Ct. 791, 169 L.Ed.2d 665.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Andrew M. Cuomo is automatically substituted for former Attorney General Eliot Spitzer.

Stephen Dibbs, pro se, New York, New York.

James J. Sample, Brennan Center for Justice at New York University Law School, New York, New York, for plaintiffs-appellees.

Richard Dearing, Assistant Solicitor General, New York, New York, for intervenor-defendant-appellee the Attorney General of the State of New York.

James P. Chou, Akin Gump Strauss Hauer & Feld LLP, New York, New York, for intervenor-appellees New York County Democratic Committee and Associations of New York State Supreme Court Justices in the City and State of New York.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Stephen Dibbs appeals from an order of the United States District Court for the Eastern District of New York (Gleeson, J.), denying his motion to intervene in the abovecaptioned case. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

■ We review the denial of a motion to intervene, whether as of right or by permission, for abuse of discretion. *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 561 (2d Cir.2005). When a district court denies permissive intervention, our review is "particularly deferential." *United States v. City of New York*, 198 F.3d 360, 367 (2d Cir.1999). "[A] denial of permissive intervention has virtually never been reversed." *United States v. Hooker Chems. & Plastics*

*Corp.*, 749 F.2d 968, 990 n. 19 (2d Cir. 1984).

■ Dibbs's proposed intervention was not as of right because, *inter alia*, his motion was untimely and his alleged interest as a voter was not an interest that risked impairment by disposition of the underlying action. *See In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 300 (2d Cir.2003).

■ Furthermore, Dibbs seeks to impermissibly interject collateral issues into an existing action: he argues that the 2006 judicial elections were rigged; he charges that certain New York State judges violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* in responding to his earlier lawsuit; and he attempts to introduce new defendants. *See Washington Elec. Co-op. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir.1990) ("Intervention cannot be used as a means to interject collateral issues into an existing action."); *see generally New York News Inc., v. Kheel*, 972 F.2d 482, 486 (2d Cir.1992). Hence, the district court did not abuse its discretion in denying Dibbs's motion to intervene.

We also dismiss a pending motion filed by Christopher Earl Strunk to file an *amicus curiae* brief before this Court. Strunk's motion is no longer timely. Moreover, it does not indicate that he sought or obtained permission from the parties, and his proposed brief is largely irrelevant. *See* Fed. R.App. P. 29(a)-(b).

Finding no merit in Dibbs's remaining arguments, we hereby **AFFIRM** the judgment of the district court.