10-2132-cv
Citizens Against Casino Gambling in Erie County v. Hogen

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of March, two thousand eleven.

Present:
        ROBERT A. KATZMANN,
        DENNY CHIN,
            *Circuit Judges*,
        JOHN GLEESON,
            *District Judge*.[*]

---

CITIZENS AGAINST CASINO GAMBLING IN ERIE COUNTY (Joel Rose and Robert Heffern, as Co-Chairpersons), REV. G. STANFORD BRATTON, D. MIN., Executive Director of the Network of Religious Communities, THE NETWORK OF RELIGIOUS COMMUNITIES, NATIONAL COALITION AGAINST GAMBLING EXPANSION, PRESERVATION COALITION OF ERIE COUNTY, INC., COALITION AGAINST CASINO GAMBLING IN NEW YORK-ACTION, INC., THE CAMPAIGN FOR BUFFALO, HISTORY ARCHITECTURE & CULTURE, ASSEMBLYMAN SAM HOYT, ERIE COUNTY LEGISLATOR MARIA WHYTE, JOHN McKENDRY, SHELLEY McKENDRY, DOMINIC J. CARBONE, GEOFFREY D. BUTLER, ELIZABETH F. BARRETT, JULIE CLEARY, ERIN C. DAVISON, ALICE E. PATTON, MAUREEN C. SCHAEFFER, DORA RICHARDSON, and JOSEPHINE RUSH,

        *Plaintiffs-Appellees*,

        v.                             No. 10-2132-cv

---

[*] The Honorable John Gleeson, United States District Judge for the Eastern District of New York, sitting by designation.

PHILIP N. HOGEN, in his official capacity as Chairman of the National Indian Gaming Commission, THE NATIONAL INDIAN GAMING COMMISSION, THE UNITED STATES DEPARTMENT OF THE INTERIOR, KEN SALAZAR, in his official capacity as Secretary of the Interior, BARACK OBAMA, in his official capacity as President of the United States,

        *Defendants*,

          v.

SENECA NATION OF INDIANS,

        *Intervenor-Defendant-Appellant*.

_____

| | |
|---|---|
| For Plaintiffs-Appellees: | JANE BELLO BURKE (Cornelius D. Murray, *on the brief*), O'Connor and Aronowitz, P.C., Albany, N.Y. |
| For Intervenor-Defendant-Appellant: | CAROL E. HECKMAN, Harter Secrest & Emery LLP, Buffalo, N.Y. (Jeffrey A. Wadsworth, Harter Secrest & Emery LLP, Rochester, N.Y., and Riyaz Kanji, Kanji & Katzen, PLLC, Ann Arbor, Mich., *on the brief*) |

Appeal from the United States District Court for the Western District of New York (Skretny, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the order of the district court be and hereby is **AFFIRMED**.

Intervenor-Defendant-Appellant Seneca Nation of Indians (the "Nation") appeals from the March 30, 2010 order of the district court denying the Nation's motion for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). On appeal, the Nation argues that the district court improperly concluded that (1) the Nation's motion to intervene was untimely, (2) the Nation's intervention potentially would delay the litigation and cause prejudice to the existing parties, (3) the defendants would represent the interests of the Nation adequately,

and (4) the Nation's intervention would not contribute significantly to the full development of the issues in this litigation.  We assume the parties' familiarity with the facts and procedural history of this case.

Permissive intervention pursuant to Rule 24(b) "is discretionary with the trial court." *H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986).  "In exercising its discretion," the court must "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  *Id.* (quoting Fed. R. Civ. P. 24(b)) (alteration and internal quotation marks omitted).  "Additional relevant factors include the nature and extent of the intervenors' interests, the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented."  *Id.* (internal quotation marks omitted). *See also In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 202 (2d Cir. 2000) ("A district court may grant a motion for permissive intervention if the application is timely and if the applicant's claim or defense and the main action have a question of law or fact in common.  The court must consider whether granting permissive intervention will unduly delay or prejudice the adjudication of the rights of the existing parties.") (internal citation and quotation marks omitted).

We review a district court's denial of a motion to intervene for abuse of discretion.  *H.L. Hayden Co.*, 797 F.2d at 89.  "'Reversal of a district court's denial of permissive intervention is a very rare bird indeed, so seldom seen as to be considered unique.'"  *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (quoting *United States v. Pitney Bowes, Inc.*, 25 F.3d

3

66, 73 (2d Cir. 1994)). "The district court's discretion under Rule 24(b)(2) is very broad. In fact, a denial of permissive intervention has virtually never been reversed." *H.L. Hayden Co.*, 797 F.2d at 89 (internal citation and quotation marks omitted).

We begin with the district court's determination that the Nation's intervention would "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Our Circuit has stated that undue delay or prejudice is the "principal consideration" in determining whether intervention is appropriate. *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978). Here, the Nation's council resolution purporting to waive sovereign immunity provides, among other things, that (1) the waiver is limited to "the three claims raised in the Complaint filed March 31, 2009 . . . in [*Citizens Against Casino Gambling in Erie County v. Hogen*, No. 09-CV-0291S (W.D.N.Y.) ('*CACGEC III*')]," (2) the waiver is inapplicable "to any amendment or supplement to the Complaint, or to any cross-claim, counterclaim, third-party claim, or claim of any other nature" in *CACGEC III*, (3) the Nation retains immunity "from civil discovery or subpoena in *CACGEC III* or any other action," (4) the Nation retains immunity in connection with the plaintiffs' request in the complaint for "other further and different relief." App'x 96. In view of these conditions, we find that the Nation's limited purported waiver of immunity has the potential to inject collateral issues into this litigation and prejudice the parties. The district court therefore did not abuse its discretion in concluding that the potential for prejudice and delay did not weigh in favor of the Nation's intervention.

We note also that the district court granted the Nation permission to parcipate as *amicus curiae*. Accordingly, we conclude that the district court's denial of the Nation's motion for permissive intervention was not an abuse of discretion. We therefore need not address whether

4

the Nation's motion to intervene was timely, the defendants would represent its interests adequately, or the Nation's intervention would contribute significantly to the full development of the issues in this action. *See, e.g.*, *SEC v. Everest Mgmt. Corp.*, 475 F.2d 1236, 1240 (2d Cir. 1972) (affirming denial of permissive intervention on ground that addition of party would unduly delay or prejudice the adjudication of the rights of the original parties).

We have considered the Nation's remaining arguments and find them to be without merit. For the reasons stated herein, the order of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK