
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MINEWORKERS' PENSION SCHEME and BRITISH COAL STAFF SUPERANNUATION SCHEME, | No.   16-16937 |
| | D.C. No. 2:12-cv-00555-DGC |
| Plaintiffs, | |
| v. | MEMORANDUM[*] |
| FIRST SOLAR INCORPORATED; et al., | |
| Defendants-Appellees, | |
| v. | |
| CLIFFORD TINDALL; et al., | |
| Movants-Appellants. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted January 12, 2018[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: WALLACE, RAWLINSON, and WATFORD, Circuit Judges.

Appellants appeal from the district court's denial of permissive intervention. The district court denied intervention on the basis that it "would be tantamount to permitting [Appellants] to conduct discovery in aid of their demand futility argument," which the court had already declined to do twice. We review this decision for an abuse of discretion. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472 (9th Cir. 1992). We conclude that the district court did not abuse its discretion, and therefore dismiss the appeal for lack of jurisdiction. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009).

The parties do not dispute that Appellants have met Rule 24(b)'s minimum requirements for permissive intervention. Rather, they dispute whether the district court could, nonetheless, exercise its discretion to deny intervention to prevent Appellants from circumventing its prior rulings.

"[P]ermissive intervention is committed to the broad discretion of the district court." *United States v. $129,374 in U.S. Currency*, 769 F.2d 583, 586 (9th Cir. 1985). Courts may consider various factors, such as the "nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case." *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977). We have held

2

the denial of permissive intervention to avoid circumvention of a court's prior rulings meets this liberal standard. *See $129,374 in U.S. Currency*, 769 F.2d at 589 (holding the district court properly denied a motion to intervene where the putative intervenor was seeking to "relitigate" district court's prior factual findings). Our sister circuits have reached similar conclusions. *See U.S. Bank Nat. Ass'n v. State Farm Fire & Cas. Co.*, 765 F.3d 867, 870 (8th Cir. 2014) (holding the district court did not abuse its discretion by denying a motion to intervene as untimely because it "was not required to permit [putative intervenor], at a later date, essentially to circumvent the prior rulings by intervening in its own name"); *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (holding the district court properly denied plaintiff's motion to intervene where it was "an attempt to circumvent the close of discovery in his State Court Action").

Appellants' argument that the district court failed to consider "any of the[] factors" set forth in *Spangler* is wholly without merit. First, *Spangler*'s factors are "nonexclusive." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). Courts are free to consider other factors in their analysis. *See Estate of Dixon v. Commissioner*, 666 F.2d 386, 389 (9th Cir. 1982) (holding the tax court properly denied intervention where it "might cause a 'flood' of motions for intervention"). Second, the district court cited *Spangler* expressly and its factor of the "nature and

3

extent of the intervenors' interest." The district court's consideration of why Appellants sought intervention bears precisely on this factor. This argument also belies Appellants' other argument that the district court should not have treated them differently from the rest of the public. Appellants cannot both argue that the district court erred by failing to consider *their* interest, while also arguing the court should have ignored that same interest to treat them as any other member of the public. Accordingly, the district court properly considered that Appellants' motion was "not a First Amendment inquiry from a generally interested citizen, but a clear attempt to avoid the Court's previous rulings."

Appellants try mightily to frame the denial here as turning on an erroneous interpretation of law, thereby invoking the de novo standard of review. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) (applying de novo review to the district court's denial of permissive intervention where "it premised its denial" on an erroneous interpretation of law). This argument fails because the district court did not premise its denial on any error of law. Contrary to Appellants' assertion, *Beckman* does not stand for the proposition that they are "entitled to intervene" for the purpose of unsealing documents. *Beckman* held that a district court *could* use its discretion for this purpose, not that it must do so. 966 F.2d at 473.

Appellants' reliance on *American Pipe* is similarly misplaced. In *American Pipe*, the district court erred by concluding that it had no discretion because permissive intervention was barred as a matter of law. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 560 (1974). The Supreme Court "merely directed that discretion be exercised." *Id.* at 560. But here, the district court never determined it was without discretion to grant intervention; it simply declined to exercise it.

Appellants' assertion that the district court concluded they "were prohibited from seeking additional facts to bolster demand-futility allegations" is also without merit. To the contrary, the district court said that "while discovery is not available" Appellants have "many avenues available to obtain information," including the availability of a books and records inspection under Delaware law.

Lastly, Appellants make several arguments as to why the protective order should be modified. We emphasize that "this is an appeal from a *denial of permissive intervention*, not a challenge to a denial of a modification to the Protective Order." *AT&T Corp.*, 407 F.3d at 561. "The question of whether a party is allowed to intervene is distinct from the issue of whether the party's motion to unseal should be granted." *Flynt v. Lombardi*, 782 F.3d 963, 967 n.3 (8th Cir. 2015); *see also Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc.*, 62 F.3d 1217, 1221 (9th Cir. 1995) (denying a motion to intervene for the

5

purpose of modifying protective order without considering the merits of the protective order). Because Appellants have not shown the district court abused its discretion in denying intervention, we need not reach the merits of their arguments about modifying the protective order.

In sum, the district court did not abuse its broad discretion by denying Appellants' motion for permissive intervention. Because there was no abuse of discretion, we dismiss the appeal for lack of jurisdiction. *See Perry*, 587 F.3d at 955.

Appellants' and Appellees' unopposed requests for judicial notice are granted.

**DISMISSED.**



*Mineworkers' Pension Scheme v. First Solar Inc.*, **Case No. 16-16937**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.