*ExteNet Sys., LLC. v. Village of Kings Point*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand twenty-three.

PRESENT:

> ROSEMARY S. POOLER,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> *Circuit Judges.*

---

EXTENET SYSTEMS, LLC.,

> *Plaintiff-Appellee,*

> v.

VILLAGE OF KINGS POINT,

> *Defendant,*

EDWARD ROUBENI, SEPY ROUBENI, ARMAN NOGREH, MOJDAH NOGREH, TALI DAMAGHI, DAVID DAMAGHI, HONEY DAMAGHI, HERZEL OWADEYAH,

> *Intervenor Defendants-Appellants.*<sup>*</sup>

No. 22-1265

---

<sup>*</sup> The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**For Intervenor Defendants-Appellants:** ANDREW J. CAMPANELLI, Campanelli & Associates, P.C., Merrick, NY.

**For Plaintiff-Appellee:** BRENDAN M. GOODHOUSE (Christopher B. Fisher, *on the brief*), Cuddy & Feder LLP, White Plains, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

This appeal is brought by eight residents of the Village of Kings Point (the "Village") – Edward Roubeni, Sepy Roubeni, Arman Nogreh, Mojdah Nogreh, Tali Damaghi, David Damaghi, Honey Damaghi, and Herzel Owadeyah (the "Residents") – who challenge the district court's order denying their motion to intervene, pursuant to Federal Rule of Civil Procedure 24, in a lawsuit commenced by ExteNet Systems, LLC. ("ExteNet") against the Village for violations of the Telecommunications Act of 1996. The Residents argue that intervention is necessary to protect their individual properties from the purported aesthetic and economic impacts of the proposed installation of wireless cellular equipment near their properties by ExteNet, a wireless facilities company. The Residents assert

2

that they are entitled to intervene under both prongs of Rule 24 – i.e., as of right under Rule 24(a) and on a permissive basis under Rule 24(b). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Rule 24 sets forth two ways in which a third party may intervene in a district court action. Rule 24(a) provides that a district court *must* permit an individual to intervene as of right when he "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect [his] interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). As the language of the rule suggests, an individual seeking to intervene as of right must demonstrate – among other things – that his "interest is not protected adequately by the parties to the action." *In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 300 (2d Cir. 2003) (internal quotation marks omitted). A movant's failure to satisfy this requirement constitutes a sufficient ground to deny a Rule 24(a) motion. *See id.*

Rule 24(b), on the other hand, provides that a district court *may* permit an individual to intervene when he asserts "a claim or defense that shares with the

main action a common question of law or fact." Fed. R. Civ. P. 24(b). In exercising its discretion to permit intervention, a district court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see also U. S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978) (noting that the potential for delay and prejudice is a "principal consideration" in the permissive intervention analysis). A district court may also consider "the nature and extent of the intervenors' interests," whether the intervenors' interests are "adequately represented by the other parties," and "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Brennan*, 579 F.2d at 191–92 (internal quotation marks omitted).

We review a district court's denial of a motion to intervene – whether as of right or by permission – for abuse of discretion. *See In re N.Y.C. Policing During Summer 2020 Demonstrations*, 27 F.4th 792, 799, 804 (2d Cir. 2022). A district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law, ma[kes] a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions." *Id.* at 799 (internal

4

quotation marks omitted). When a district court denies a request for permissive intervention, our review is "particularly deferential." *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 561 (2d Cir. 2005) (internal quotation marks omitted). Indeed, we have recognized that a "denial of permissive intervention has virtually never been reversed." *Id.* (internal quotation marks omitted).

Contrary to the Residents' contention, the district court did not abuse its discretion in concluding that the Village could adequately represent the Residents' interests in this action. As such, we cannot conclude that the district court erred in denying the Residents' motion to intervene under either Rule 24(a) or Rule 24(b). *See In re Bank of N.Y. Derivative Litig.*, 320 F.3d at 300 (explaining that a district court has a sufficient ground to deny a Rule 24(a) motion when the intervenor's interest is "protected adequately by the parties to the action" (internal quotation marks omitted)); *Brennan*, 579 F.2d at 191 (explaining that Rule 24(b) intervention is "wholly discretionary with the trial court" and may not be warranted when the intervenor's interest is "adequately represented by the other parties" (internal quotation marks omitted)). And, because the district court's determination regarding the adequacy of the Village's representation is alone sufficient to justify the denial of the Residents' motion to intervene, *see Floyd v. City*

*of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014), we need not reach the Residents' other claims of error, including their argument that the district court erred in concluding that their aesthetic interests were not legally protectable interests for the purposes of their motion to intervene under Rule 24(a).

The Residents raise various arguments as to how the district court abused its discretion in concluding that their interests would be adequately protected by the Village. None is persuasive. With respect to the Residents' claim for intervention as of right, the district court fairly concluded that the Village would adequately represent the Residents because the two share "an identity of interest" in the outcome of the litigation. J. App'x at 246 (internal quotation marks omitted). Though in general an intervenor's burden to demonstrate the inadequacy of a named party's representation is minimal, "we have demanded a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective," e.g., an identity of interest. *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001). Where such an identity of interest exists, the putative intervenor "must rebut the

presumption of adequate representation by the party already in the action."[1]  *Id.* at 179–180.  In these circumstances, we have explained that evidence demonstrating "collusion, adversity of interest, nonfeasance, or incompetence" may be sufficient to overcome the presumption of adequacy.  *Id.* at 180.

Here, the district court did not abuse its discretion in concluding that the Residents failed to provide evidence of the type necessary to overcome the presumption of adequacy.  Nor did the district court abuse its discretion in concluding that the Village's vague statements that the Residents "may seek to raise issues that the Village might not otherwise raise" failed to rebut the presumption of adequate representation – particularly in light of the Village's coinciding representations that it "believe[d] that it would properly protect the interests of those residents."  J. App'x at 82, 180.  We therefore cannot conclude that the district court erred in denying the Residents' motion to intervene as of right.

---

[1] The Supreme Court's decision in *Berger v. North Carolina State Conference of the NAACP* is not applicable here, given that *Berger* was explicitly limited to circumstances in which "a duly authorized state agent seeks to intervene to defend a state law."  142 S. Ct. 2191, 2204 (2022); *see also id.* (declining to "decide whether a presumption of adequate representation might sometimes be appropriate when a private litigant seeks to defend a law alongside the government or in any other circumstance").

Nor did the district court err in concluding, pursuant to Rule 24(b), that the Residents' intervention would not significantly contribute to the development of the underlying factual issues in the suit or the just adjudication of the relevant legal questions. Indeed, the district court reviewed the Residents' proposed answer and proposed opposition to ExteNet's motion for a preliminary injunction and concluded that the Residents failed "to bring anything new to the table." *Id.* at 249 (internal quotation marks omitted). The district court specifically noted that the Residents' submissions rehashed various arguments that had been advanced by the Village and raised arguments that could not be properly considered because they had not been presented to the Village board and were not part of the written record. Given the "particularly deferential" standard of review applicable to a district court's denial of a request for permissive intervention, *AT & T Corp.*, 407 F.3d at 561 (internal quotation marks omitted), we will not second-guess the district court's determination here.

Furthermore, the district court reasonably concluded that permitting the Residents to intervene would unduly delay and prejudice the adjudication of ExteNet's claims, which by statute are to be heard and decided "on an expedited basis." 47 U.S.C. § 332(c)(7)(B)(v). In granting ExteNet's motion for a

preliminary injunction, the district court recognized that ExteNet has suffered, and would continue to suffer, harm as a result of the Village's delay in allowing ExteNet to install the wireless facilities; as such, it was within the district court's discretion to determine that additional delay from intervention would result in further prejudice to ExteNet. Because the potential for delay and prejudice is a "principal consideration" in the permissive intervention analysis, *Brennan*, 579 F.2d at 191, we cannot conclude that the district court erred in failing to grant permissive intervention here – even setting aside the district court's conclusions with regard to the adequacy of the Village's representation.

We have considered the Residents' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court