FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| SCOTT A. BLUM, Individually and as Trustee of the Scott A. Blum Separate Property Trust, the Will Scott Blum Trust, the Emma Rose Blum Trust and the Scott Blum Grat, *Plaintiff-Appellant*, | No. 11-55635 <br><br> D.C. No. 8:03-cv-1434 JVS-MLG |
| v. | OPINION |
| MERRILL LYNCH PIERCE FENNER & SMITH INC., a Delaware Corporation, AKA Merrill Lynch & Co., *Defendant*, | |
| KPMG LLP, *Intervenor-Appellee*. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted
January 9, 2013—Pasadena, California

Filed April 11, 2013

Before: Stephen Reinhardt and Kim McLane Wardlaw, Circuit Judges, and Robert Holmes Bell,[*] District Judge.

Opinion by Judge Bell

## SUMMARY[**]

### Intervention

The panel affirmed the district court's order granting a motion to intervene, and modifying a protective order so that a deposition transcript would be held in escrow rather than destroyed.

The panel held that the district court did not abuse its discretion in finding that the motion to intervene was timely because even though the underlying litigation had concluded, motions to intervene for the purpose of seeking modification of a protective order are not untimely. The panel further held that granting the motion to intervene did not unfairly prejudice the plaintiff. The panel also held that the district court did not abuse its discretion by ordering that the deposition transcript be placed in escrow rather than destroyed where the district court determined that the transcript remained relevant.

---

[*] The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Michael J. Avenatti, (argued) Eagan O'Malley & Avenatti, LLP, Newport Beach, California; Michael Q. Eagan, Law Offices of Michael Eagan, San Francisco, California, for Plaintiff-Appellant.

Robert Leo Dell Angelo, Mark Dworsky, and James Rutten, Munger, Tolles & Olson, LLP, Los Angeles, California, for Defendant.

Jack P. DiCanio, Richard Marmaro, Ronda McKaig, and Peter B. Morrison, Skadden, Arps, Slate, Meagher & Flom, LLP, Los Angeles, California, for Intervenor-Appellee.

---

**OPINION**

BELL, District Judge:

Scott A. Blum appeals a district court order granting KPMG LLP's motion to intervene, and modifying a protective order so that a deposition transcript would be held in escrow rather than destroyed. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I.  Factual and Procedural Background

In 2003, in a case that was removed to the Central District of California, Blum sued Merrill Lynch Pierce Fenner & Smith Inc. ("Merrill Lynch") and Thomas Mazzucco for their advice in connection with an initial public offering of Buy.com (the "federal action"). Blum alleged that but for Merrill Lynch's advice, he would have sold his Buy.com

shares for $500 million in 1999.  Blum provided deposition testimony in this matter.  In 2004, a blanket protective order was issued,[1] and in 2005, the parties entered into a settlement agreement.  The protective order contained an obligation for the parties to destroy all confidential documents, including Blum's deposition transcript.  According to Blum, the settlement agreement explicitly required continued adherence to the protective order as a condition of settlement.

In 2009, Blum sued KPMG in Los Angeles Superior Court (the "state action").  Blum claimed in this action that but for KPMG's advice he would have sold all his shares in Buy.com in 1998 for $400 million.  During discovery, Blum acknowledged the existence of his deposition transcript from the federal action.  However, he refused to produce the transcript, citing the protective order and settlement agreement.  KPMG's counsel, allegedly inadvertently, received a copy of this transcript from the court reporting service that had transcribed the deposition.  Upon receipt, KPMG's counsel notified both the court-appointed Discovery Master in the state action and Blum's counsel of his receipt of the transcript.

On March 7, 2011, Blum filed an emergency *ex parte* motion in the federal action to reopen the case and an *ex parte* motion requesting that the court enforce the protective order and settlement agreement by ordering KPMG to destroy the transcript.  KPMG filed an *ex parte* motion to intervene and to oppose Blum's motion.  On March 9, 2011, the district

---

[1] It is a "blanket" protective order because Blum obtained the protective order "without making a particularized showing of good cause with respect to any individual document."  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003).

court granted Blum's motion to reopen the case, granted KPMG's motion to intervene, and denied Blum's request for the destruction of the transcript, pending a determination of its relevance to the state action by the state Discovery Master. Blum filed a motion for reconsideration that same day. While the motion was pending, the state court Discovery Master issued a ruling that the transcript was relevant and discoverable. Subsequently, Blum dismissed the state action against KPMG without prejudice.[2]

On April 5, 2011, the federal court (unaware of the dismissal of the state action) denied the motion for reconsideration on the ground that it lacked jurisdiction to enforce the settlement agreement. In light of the Discovery Master's relevancy finding, the court found that enforcement of the protective order would violate public policy. Consequently, the court modified the protective order to allow the use of the transcript in the state action.

Blum filed a notice of appeal and moved to stay the March 9 order. On May 12, the court denied the motion for a stay and modified its March 9 order in light of the changed circumstances (the dismissal of the state action). The court ordered KPMG to place its single copy of the transcript in escrow, and ruled that KPMG (or any other party) could apply to the court for the release of the transcript "[s]hould the transcript again be relevant to pending litigation."

---

[2] Shortly after filing his reply brief in this matter, Blum re-filed his action against KPMG in the Central District of California.

## II. Standard of Review

"We review a decision whether to grant permissive intervention under an abuse of discretion standard." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472 (9th Cir. 1992) (citing *Venegas v. Skaggs*, 867 F.2d 527, 529 (9th Cir. 1989)). We also review a district court's decision to modify its protective order for abuse of discretion. *Id.* A review for abuse of discretion requires a two-prong test:

> The Supreme Court has held that a district court abuses its discretion when it makes an error of law. Thus, the first step of our abuse of discretion test is to determine de novo whether the trial court identified the correct legal rule to apply to the relief requested. If the trial court failed to do so, we must conclude it abused its discretion.
>
> If the trial court identified the correct legal rule, we move to the second step of our abuse of discretion test. . . . [T]he second step of our abuse of discretion test is to determine whether the trial court's application of the correct legal standard was (1) "illogical," (2) "implausible," or (3) without "support in inferences that may be drawn from the facts in the record."

*United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc) (internal citations omitted) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 577 (1985)). The second prong is "significantly deferential." *Hinkson*, 585 F.3d at 1262.

## III.    Analysis

### A.  Intervention

"On timely motion, the court may permit anyone to intervene who . . . (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1).  Generally, permissive intervention under Rule 24(b) requires "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman*, 966 F.2d at 473.

Blum argues that the district court abused its discretion because KPMG's motion to intervene was untimely. Additionally, Blum argues that KPMG's intervention would unduly prejudice the parties in the underlying action.

### 1)  Timeliness

Blum argues that KPMG's motion to intervene was not timely because the underlying litigation had been concluded for years.  However, motions to intervene for the purpose of seeking modification of a protective order in long-concluded litigation are not untimely.

In 1993, the Third Circuit recognized "the growing consensus among the courts of appeals that intervention to challenge confidentiality orders may take place long after a case has been terminated." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 779 (3d Cir. 1994); *see also Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161 n.5 (3d Cir. 1993) ("[A] district court may properly consider a motion to intervene permissively for the limited purpose of modifying

a protective order even after the underlying dispute between the parties has long been settled."). The First and Tenth Circuits have also issued holdings finding motions to intervene timely in such cases. *See United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) ("We find nothing improper in allowing intervention to challenge a protective order still in effect, regardless of the status of the underlying suit."); *Pub. Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 786 (1st Cir. 1988) ("Because Public Citizen sought to litigate only the issue of the protective order, and not to reopen the merits, we find that its delayed intervention caused little prejudice to the existing parties in this case.").

*Beckman*, while not explicitly addressing the timeliness requirement, affirmed the district court's decision to grant the motion to intervene, even though that motion was filed two years after the underlying litigation had been settled. 966 F.2d at 471. At least one other Ninth Circuit panel has made a similar ruling. *See Olympic Refining Co. v. Carter*, 332 F.2d 260, 265 (9th Cir. 1964) (affirming the district court's decision allowing intervenor to access discovery materials "nearly three years after termination of the Government suit").

Here, KPMG's interest in the transcript did not arise until it was sued by Blum, and its motion to intervene was filed one day after Blum filed *ex parte* motions to reopen the federal action and enforce the terms of the protective order. In light of these facts and the precedent finding motions to intervene in similar circumstances timely, we conclude that the district court did not abuse its discretion in finding KPMG's motion to intervene timely.

## 2) Prejudice

Blum also contends that the motion to intervene should have been denied because it unfairly prejudiced him. "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The existing parties have settled their dispute, and thus we find that KPMG's intervention has little effect on the original parties' underlying rights. *See United Nuclear*, 905 F.2d at 1427 ("Rule 24(b)'s timeliness requirement is to prevent prejudice in the adjudication of the rights of the existing parties, a concern not present when the existing parties have settled their dispute and intervention is for a collateral purpose."); *Public Citizen*, 858 F.2d at 786 ("Because Public Citizen sought to litigate only the issue of the protective order, and not to reopen the merits, we find that its delayed intervention caused little prejudice to the existing parties in this case."); *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987) ("It is not clear what prejudice the delay in seeking these tapes has occasioned in this case to defendants or to any of the parties. Delay in any event would not prejudice the adjudication of the rights of the original parties.").

To the extent that we must also consider whether allowing intervention would be prejudicial to the ongoing rights of the original parties due to their reliance on the protective order in settling, we also find little prejudice. Blum's allegations of general reliance on the protective order fail to establish that KPMG's intervention to modify the protective order with regard to one document will result in prejudice. Moreover, even if he could show specific prejudice, Blum has made no

showing that such prejudice would not be eliminated by a
new protective order requiring KPMG to keep the transcript
confidential.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*,
331 F.3d 1122, 1134 (9th Cir. 2003) ("Any trade secrets,
financial information, and third-party medical or personnel
information can be protected by placing the [party seeking
modification] under the same use and disclosure restrictions
contained in the original protective order.").

Thus, we conclude that the district court did not abuse its
discretion in granting the motion to intervene.

## B.  Modification of the Protective Order

Next, Blum argues that the district court abused its
discretion by modifying the protective order to allow KPMG
to use the deposition transcript in collateral proceedings.
However, the order allowing the use of the transcript in this
manner was subsequently amended by the district court when
it learned of the dismissal of the state action.  Thus, that order
is not before us, and instead we review only the district
court's amended order requiring that the transcript be placed
in escrow or provided to the court for *in camera* retention.

"As an initial matter, the collateral litigant must
demonstrate the relevance of the protected discovery to the
collateral proceedings and its general discoverability therein."
*Foltz*, 331 F.3d at 1132.  As noted in *Foltz*, "[i]f any properly
protected [] discovery is relevant to the collateral suits, the
district court should have modified the protective order in the
interest of avoiding duplicative discovery[.]"  *Id.* at 1134.
However, "before deciding to modify the protective order, the
court that issued it must consider other factors in addition to
the relevance of the protected discovery to the collateral

litigation. In particular, it must weigh the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery." *Id.* at 1133. "Ninth Circuit precedent strongly favors disclosure to meet the needs of parties in pending litigation." *Beckman*, 966 F.2d at 475.

The district court appropriately adopted the opinion of the state action Discovery Master that the transcript "contains testimony relevant to and discoverable in the present action." The court found this relevance significant: "the Court finds that in the present context enforced destruction of a transcript relevant to pending litigation would contravene public policy and would amount to Court-sanctioned destruction of evidence."

This finding of relevance was not undermined by the subsequent dismissal of that state action. As the district court correctly noted, the transcript remains relevant:

> Ostensibly, KPMG's need for the Transcript, or at least an immediate need, has been mooted by the dismissal of the Los Angeles Superior Court action. But there is no assurance, in view of the dismissal without prejudice, that Blum's claims will not be revived.

In light of this finding of relevance, the district court was within its discretion to order the transcript placed in escrow rather than destroyed.

While the district court should also have explicitly addressed the issue of Blum's reliance on the protective

order, *Foltz*, 331 F.3d at 1133, its failure to do so in this context does not change our conclusion that the district court did not abuse its discretion. "Reliance will be less with a blanket order, because it is by nature overinclusive." *Beckman*, 966 F.2d at 476. Once a party has challenged the contention that documents protected by a blanket protective order should be kept under seal, "the district court must require [the party opposing modification] to make an actual showing of good cause for [the relevant documents'] continuing protection under Federal Rule of Civil Procedure 26(c)." *Foltz*, 331 F.3d at 1131. "A party asserting good cause bears the burden, for each particular document [he] seeks to protect, of showing that specific prejudice or harm will result" from modification of the protective order. *Id.* at 1130. "[R]eliance on a blanket protective order in granting discovery and settling a case, without more, will not justify a refusal to modify." *Id.* at 1133.

Blum did not advance any argument before the district court that specific harm or prejudice would result from modification of the protective order to hold the transcript in escrow. Nor has he pointed to any particular portion of the transcript that remains confidential information that should be withheld from KPMG. Thus, because Blum bore the burden of establishing this specific harm or prejudice (i.e. a countervailing reliance interest), the district court was within its discretion to order the transcript held in escrow based on its finding of relevance.

Nor can we say that the district judge abused his discretion in refusing to enforce the protective order despite the manner in which Blum alleges the deposition transcript was procured, particularly given KPMG's countervailing account of how it obtained the deposition transcript.

## IV.   Conclusion

We conclude that the district court did not abuse its discretion in granting the motion to intervene and modifying the protective order to hold the transcript in escrow.  Our decision does not reach the merits of the district court's subsequently-amended order allowing KPMG to use the transcript in litigation.  Pursuant to the district court's order that the transcript be held in escrow, if KPMG wishes to use the transcript in future litigation, it must apply to the district court for relief.

**AFFIRMED.**