**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY EDWARD DILLON, | No. 12-16563 |
| Plaintiff - Appellant, | D.C. No. 3:03-cv-00203-RCJ-WGC |
| v. | |
| WEST PUBLISHING CORPORATION; WEST GROUP; THOMPSON CORPORATION; THOMPSON LEGAL PUBLISHING CORPORATION, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted January 16, 2014[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: WALLACE and BYBEE, Circuit Judges, and GETTLEMAN, Senior District Judge.***

Larry Dillon appeals from the district court's dismissal of his complaint for failure to effect timely service. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's dismissal for failure to effect timely service for an abuse of discretion. *Townsel v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987). A district court abuses its discretion when it makes an error of law or applies the correct legal standard in a way that is illogical, implausible, or without support that may be drawn from the record. *Blum v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 712 F.3d 1349, 1352-53 (9th Cir. 2013).

Here, the district court did not abuse its discretion by holding that there was no good cause for the nearly five-hundred day delay between Dillon's filing of his complaint and when Dillon actually effected service. The district court correctly analyzed each of the ten *Scrimer*[1] factors and reasonably concluded that seven of them weighed in West's favor. The district court also correctly acknowledged that

***  The Honorable Robert W. Gettleman, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

[1] *Scrimer v. Eighth Judicial Dist. Court*, 998 P.2d 1190, 1195-96 (Nev. 2000).

no single factor is controlling. *Scrimer*, 998 P.2d at 1195. In weighing the *Scrimer* factors, the district court acknowledged that the statute of limitations barred Dillon from refiling his claim and, as the district court reasonably explained, Dillon created this issue by waiting to file his claim until the day before the statute of limitations would lapse.

Furthermore, it is apparent that the district court gave Dillon the benefit of the doubt, as demonstrated by its consideration of the five-month delay between Dillon's receipt of a right to sue letter and when Dillon actually effected service. Because Dillon gave no explanation for this additional five month delay, there is nothing in the record or Nevada law that undermines the district court's sound decision that Dillon could not justify the extremely untimely service. *See Scrimer*, 998 P.2d at 1194 (holding that Nevada law "encourage[s] diligent prosecution of complaints once they are filed.").

**AFFIRMED**.