NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT TEUTSCHER, an individual, | No. 13-56411 |
| Plaintiff - Appellee, | D.C. No. 5:06-cv-01208-RHW-OP |
| and | |
| RIVERSIDE SHERIFFS' ASSOCIATION, | MEMORANDUM[*] |
| Defendant - Appellee, | |
| and | |
| RIVERSIDE SHERIFFS' ASSOCIATION LEGAL DEFENSE TRUST; et al., | |
| Defendants, | |
| v. | |
| WILLIAM NATHANIEL WOODSON, III, | |
| Intervenor - Appellant. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| SCOTT TEUTSCHER, an individual, | No. 13-56659 |
| --- | --- |
| Plaintiff - Appellee, | D.C. No. 5:06-cv-01208-RHW-OP |
| v. | |
| RIVERSIDE SHERIFFS' ASSOCIATION, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Robert H. Whaley, Senior District Judge, Presiding

Argued and Submitted January 5, 2016
Pasadena, California

Before: M. SMITH, WATFORD, and FRIEDLAND, Circuit Judges.

Intervenor-Appellant William N. Woodson, III, appeals from the district court's order denying his motion for leave to intervene to seek a fee award directly from Defendant, Riverside Sheriffs' Association ("RSA"). We address the district court's judgment in favor of Plaintiff Scott Teutscher against RSA in a concurrently filed opinion. We now affirm the district court's denial of Woodson's motion.[1]

---

[1] Per Woodson's unopposed request, this court takes judicial notice of two unpublished orders on statutory attorney's fees under California law in a different action, *Alvarado v. Fed. Express Corp.*, No. C04-0098 (N.D. Cal. June 5, 2008), and *Alvarado v. Fed. Express Corp.*, No. C04-0098 (N.D. Cal. Jan. 9, 2009), and this court's unpublished memorandum disposition affirming the district court's

Woodson represented Teutscher in an employment dispute with RSA from 2005 until February 2013, when Woodson filed an ex parte application to withdraw as counsel of record. The district court granted Woodson's motion over objections by RSA and Teutscher, and Teutscher obtained new counsel who successfully represented him through trial on his wrongful and retaliatory discharge claims under state law and his retaliatory discharge claim under section 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140. After Teutscher declined to seek attorney's fees and costs for Woodson's work on the case under section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), Woodson sought to intervene in order to seek fees from RSA on his own behalf. Because we agree with the district court that a fee award under ERISA's discretionary fee-shifting provision belongs to the client rather than to his attorney, we affirm.

It is well-settled that a federal fee-shifting statute that bestows a discretionary fee award on a "party" vests the right to attorney's fees solely in that party, not in the party's attorney. *See, e.g., Astrue v. Ratliff*, 560 U.S. 586, 591-98

---

judgment denying counsel standing to seek fees in that case, *Alvarado v. Fed. Express Corp.*, Nos. 09-15415, 09-15417 (9th Cir. May 26, 2011).

3

(2010) (holding that the prevailing litigant, rather than her lawyer, is entitled to fees under the fee-shifting provision of the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A)); *Venegas v. Mitchell*, 495 U.S. 82, 89 (1990) ("[W]e have already rejected the argument that the entitlement to a § 1988 award belongs to the attorney rather than the plaintiff."); *Evans v. Jeff D.*, 475 U.S. 717, 730 (1986) (holding that "the language of [42 U.S.C. § 1988], as well as its legislative history, indicates that Congress bestowed on the 'prevailing *party*' (generally plaintiffs) a statutory eligibility for a discretionary award of attorney's fees in specified civil rights actions" (footnote omitted)); *Image Tech. Serv., Inc. v. Eastman Kodak Co.*, 136 F.3d 1354, 1357 (9th Cir. 1998) ("Any fee award in an antitrust case goes to the successful plaintiff, not to plaintiff's counsel."). ERISA is such a statute. *See* 29 U.S.C. § 1132(g)(1) (providing that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either *party*") (emphasis added). We have also held that "[u]nless the statute specifies payment to the litigant's attorney, payment to the attorney is not assumed." *United States v. Kim*, 806 F.3d 1161, 1173 (9th Cir. 2015) (quoting *United States v. $186,416.00*, 642 F.3d 753, 756 (9th Cir. 2011)). Woodson fails to point to any language in ERISA giving a party's attorney the power to demand fees for himself from the opposing side, and

4

we have identified none.

Woodson advances several arguments in an attempt to overcome these settled principles, none of which are availing. First, his reliance on the California Supreme Court decision in *Flannery v. Prentice*, 28 P.3d 860 (Cal. 2001), is misplaced because, as the district court recognized, it was a state court decision interpreting a state statute. Indeed, *Flannery* acknowledged that it was parting ways with federal cases that "have recognized the right of the client, rather than the attorney, to seek, recover, or waive statutory fees." *Id.* at 864. Woodson also relies on our decision in *United States ex rel. Virani v. Jerry M. Lewis Truck Parts & Equip., Inc.*, 89 F.3d 574 (9th Cir. 1996), *abrogation recognized by United States v. Kim*, 806 F.3d 1161, 1174 (9th Cir. 2015), in which we held that once a fee application is made, the "client himself is not entitled to keep the fees which are measured by and paid on account of the attorneys' services." *Id.* at 577. But *Virani* itself recognized that only the plaintiff "has the power to demand that the defendant pay the fees of the plaintiff's attorney," *id.* at 578, and, regardless, the part of its holding on which Woodson relies has since been abrogated, *see Kim*, 806 F.3d at 1174 (recognizing that "*Ratliff* abrogated *Virani*").

Finally, Woodson relies on our decision in *Venegas v. Skaggs*, 867 F.2d 527

5

(9th Cir. 1989), *aff'd sub nom. Venegas v. Mitchell*, 490 U.S. 82 (1990), to argue that the court erred in denying him permissive intervention. This reliance is misplaced, because in *Venegas* we permitted an attorney to intervene solely to impose a lien on his client's judgment pursuant to a contingent-fee contract with his client, not to collect fees directly from the opposing side. Our holding here does not prevent Woodson from similarly attempting to collect his fees directly from Teutscher. *See Venegas v. Mitchell*, 495 U.S. at 90 (explaining that a federal fee-shifting statute "controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer").

Because Woodson had no right to seek attorney's fees from RSA, and because that was the sole ground on which he sought to intervene, the district court properly denied his motion. *See Willard v. City of Los Angeles*, 803 F.2d 526, 527 (9th Cir. 1986).

**AFFIRMED.**