**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 23 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT TEUTSCHER, an individual, | No. 16-56830 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 5:06-cv-01208-RHW-OP |
| RIVERSIDE SHERIFFS ASSOCIATION, | MEMORANDUM* |
| Defendant-Appellee, | |
| v. | |
| WILLIAM NATHANIEL WOODSON, III, | |
| Intervenor-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Robert H. Whaley, District Judge, Presiding

Submitted May 17, 2018**
Pasadena, California

Before: WARDLAW, NGUYEN, and OWENS, Circuit Judges.

William Woodson appeals the denial of his motion to permissively intervene

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

against his former client, Scott Teutscher, in Teutscher's action against Riverside Sheriffs Association (RSA). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

The district court did not abuse its "broad discretion" to deny permissive intervention. *See Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011) (per curiam). As a threshold matter, Woodson was required to show that his motion was timely. *See* Fed. R. Civ. P. 24(b)(1)(B); *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002). When Teutscher prevailed on his ERISA claim, Woodson knew or should have known that his interest in possible attorney's fees would not be adequately protected by the parties because Teutscher did not seek fees for Woodson's work on the case. By the time Woodson moved to intervene against Teutscher more than three years later, post-trial motions had already been decided and appealed, and final judgment, including as to attorney's fees, had been entered. Thus, the district court did not err by finding that the stage during which Woodson's motion to intervene would have been appropriate had long passed.[1] *Cf. Blum v. Merrill Lynch Pierce Fenner & Smith Inc.*, 712 F.3d 1349, 1354 (9th Cir.

---

[1] Nothing in our disposition of Woodson's first appeal suggests otherwise. *See Teutscher v. Woodson*, 659 F. App'x 930 (9th Cir. 2013). Specifically, our observation that our holding "[did] not prevent Woodson from [] attempting to collect his fees directly from Teutscher" did not guarantee Woodson a right to intervention nor suggest that he could not have sought intervention against Teutscher from the outset. *See id.* at 933.

2013) (holding that the district court did not abuse its discretion in finding a motion to intervene timely where the motion was filed one day after the party's interest in the litigation arose).

Nor did the district court err in finding that permitting intervention "would certainly and severely prejudice the parties." Teutscher would likely face duplicative litigation expenses revisiting records with which he and his counsel were previously familiar and may have approached his settlement with RSA differently had he known Woodson intended to intervene against him. *Cf. United States v. Oregon*, 745 F.2d 550, 553 (9th Cir. 1984) (focusing on whether the existing parties' concerns about intervention were caused by the delay). Nor has Woodson offered a persuasive reason for his delay, since nothing prevented him from filing the motion to intervene against Teutscher before the first appeal. *See United States v. Washington*, 86 F.3d 1499, 1504–05 (9th Cir. 1996) (finding asserted reasons for delay, including that previous motion to intervene had been denied, unsatisfactory).

"A finding of untimeliness defeats a motion for permissive intervention." *Id.* at 1507. Since the district court's untimeliness finding is supported by the record, it was within its discretion to deny Woodson's motion for permission intervention.[2]

---

[2] Woodson's unopposed motion for judicial notice [Dkt. 11] is granted.

3

**AFFIRMED.**